HON. ISAAC F. REDFIELD, } ASSISTANT JUDGES.
HON. PIERPOINT ISHAM,

---

## SPAULDING, FOSTER & CO. v. ROBERT VINCENT.

*Proceedings of foreign courts,—how authenticated. Written laws of a foreign country. Officers in a foreign country,—proofs of appointment. Proof of new promise.*

The best proofs of the proceedings of a foreign court, are the original records; but the testimony usually produced, is either a sworn copy, by one who has compared it with the original proceedings, or an exemplified copy, certified by the clerk and the presiding judge, and the seal of the court, with the broad seal of the province or kingdom, to the appointment of the judge, with the proper certificate from the office of appointment; either of these will be sufficient.

Spaulding, Foster & Co. v. Vincent.

Proof of the written law of a foreign country, may be by some copy of the law, which the witness can swear was recognized as authoritative in the foreign coun try, and which was in force at the time.

And where a discharge in bankruptcy is plead, and a new promise replied, it is not competent for the plaintiff to prove a new promise by his own oath.

No different proof of the appointment of an officer in a foreign country, is required, from that at home; proof of one exercising the office *de facto*, is usually sufficient in either case.

BOOK ACCOUNT. Judgment to account was rendered in the county court, and an auditor appointed, who reported: That, it was admitted that the articles charged were sold and delivered at Stanstead, in Lower Canada, and that the account and credits were correct.

To the account, the defendant plead, before the auditor, his certificate and discharge in bankruptcy, (discharge dated, September 12th, 1842,) obtained from the commissioner of the bankrupt court, in the district of St. Francis, Province of Canada. To which plaintiffs replied a new promise.

The defendant offered in evidence, the original certificate, proceedings and records of the bankrupt court. The plaintiffs objected to the admissibility of the same, on the ground that they were original papers; but the auditor overruled the objection. The defendant then offered copies, which the auditor finds to be true copies of the original papers. Objected to, on the ground that the same were not properly authenticated; the auditor overruled the objection.

The defendant then offered in evidence, an act of Parliament of the Province of Lower Canada. The plaintiffs objected to the admission of the same, but the objection was overruled. It did not appear, from the report of the auditor, that the "Act" was properly authenticated, or that it was legally proved to be in force, at the date of defendant's discharge in bankruptcy.

The parties admitted that no bankrupt law now exists in Canada.

The plaintiff, in order to prove a new promise, offered, as witnesses, Stephen Foster and Austin S. Foster, both plaintiffs in this suit. The defendant objected, on the ground that they were parties to the suit, and not competent to prove a new promise; the objection was overruled by the auditor, and the witnesses per-

Spaulding, Foster & Co. v. Vincent.

mitted to testify. The residence of the plaintiffs at the time of the defendant's discharge in bankruptcy, did not appear from the report of the auditor. There were other questions raised, and appeared in the report of the auditor, but are not essential to a full understanding of the questions passed upon by the court.

The county court accepted the report of the auditor, and rendered judgment thereon for the plaintiffs. Exceptions by defendant.

*J. Cooper* for defendant.

A certificate in bankruptcy, in Canada, is a discharge of all debts within the jurisdiction of the court, or provable under the commission.

A foreign bankruptcy bars a debt provable under a foreign commission. Chit. on Con. 266, 267, 263 and 264. 5 East R. 194, *Potter* v. *Brown*, B. & A. 654. *Blanchard* v. *Russell*, 13 Mass. 1. *Bradford* v. *Farrand*, 13 Mass. 18. *Walsh* v. *Farrand*, 13 Mass. 19. *Prentiss* v. *Savage*, 13 Mass. 10.

A new promise to bind defendant, in Canada, must be in writing.

The plaintiffs were not competent witnesses, to prove a new promise. *McLaughlin* v. *Hill*, 6 Vt. 20. *Pratt* v. *Gallup*, 7 Vt. 344. *Scott et al.* v. *Shepherd et al.* 3 Vt. 104. *Sargent* v. *Pettibone*, 1 Aik. 355.

*H. F. Prentiss* for plaintiffs.

1. There was no proof before the auditor, that there was any bankrupt law in force in Canada, under which defendants procured a discharge. It being a statute law, the law itself should be produced, or, at least, an exemplification of it. 1 Starkie on Ev. 249. *Kenney* v. *Clarkson, et al.*, 1 Johns. 394. 1 Phil. on Ev. 301 and Note. *Hill et al.* v. *Packard et al.*, 5 Wend. 375. *Woodbridge* v. *Austin*, 2 Tyler 364. *Lincoln* v. *Battelle*, 6 Wend. 482. *Territt* v. *Woodruff*, 19 Vt. 182, and cases cited. The act of Parliament, presented before the auditor, was passed in 1843, and not in force when this defendant obtained his discharge, having been passed long since, as the court will see by inspection.

2. The evidence before the auditor, to prove defendant's discharge, was illegal and insufficient. The bankrupt court in Canada being a court of record, having a seal and clerk, their

proceedings, records and judgments, should be proved, like those of any other foreign court. This must be done by an exemplification, under the seal of the court, properly proved, or by a copy proved to be a true copy, or by the certificate of an officer, authorised by law, which certificate must itself be properly authenticated. And I know of no authority, which admits *original* papers, or records, to prove a foreign judgment. *Delafield* v. *Hand,* 3 Johns. 310. 1 Starkie on Ev. 182 and Notes. 1 Phil. on Ev. 301 and Note. *Pierson* v. *Boston,* 1 Aik. 54.

3. The certificate is dated, September 12th, 1842. What " debts " were provable under it," and where the plaintiff resided at the time, we must learn from some other source than the auditor's report. The auditor does not find that the debt in suit, was, or could be discharged, by the bankrupt law of Canada.

In order that the certificate should discharge this debt of the defendant, the auditor should have found the fact that plaintiffs were residents of Canada, on the 23d day of June, 1842.

The opinion of the court was delivered by

REDFIELD, J. The defense, in this case, rests upon a discharge in bankruptcy, obtained in the Province of Canada, where the contract for the sale of the goods sued for, was made. Numerous questions are raised in regard to the proof.

The proof of the discharge, and of the proceedings in the court of bankruptcy, seem to us to be sufficient. The best proof of the proceedings of a foreign court, are the original records. But that cannot ordinarily be produced. The testimony usually produced, is either a sworn copy, by one who has compared it with the original proceedings, or an exemplified copy, certified by the clerk and the presiding judge, and the seal of the court, with the broad seal of the province or kingdom, to the appointment of the judge, with the proper certificate from the office of appointment. The more usual mode, is, a sworn copy. In the present case, we have the original, and the finding of the auditor, that the copies are true copies of the original, and this finding must be presumed to be upon sufficient proof, or upon actual inspection, either of which will be sufficient.

The proof of the existence and of the provisions, of the bankrupt law of the Province, at the time the discharge was obtained,

Spaulding, Foster & Co. v. Vincent.

seems to have been without the production of any copy whatever of the statute. This, we think, was irregular. Some copy of the law, which the witness could swear was recognized in the Province, as authoritative, should have been produced. Something, which was in force at the time, which was, at least, equal to the copy of the subsequent law, which was put in the case. This is the general rule, as to the written laws of a foreign country, and is specially important in a case like the present, when the particular provisions of the law are important to be known, in order to determine the effect of the discharge.

We think, too, the residence of the plaintiffs, at the time of obtaining the discharge, should be shown, and the place of business of the firm, if any.

If we were at liberty to look into the writ upon this subject, it would only show the residence of the plaintiffs, at the time of bringing the suit.

We think it is not competent for the plaintiffs to prove a new promise by their own oath, upon general principles, and the subsequent law required the promise to be in writing, as does the English bankrupt law.

But the state of the credits would seem to show, that defendant had paid more since the certificate, than the new account. If so, a portion of the payment must, of course, have been intended by him to go upon the old account. And if so, and the payment was general, leaving it to the law to make the application, it will deserve consideration, unless new facts arise, whether it is not fair to conclude the defendant might have intended all his payments, to go towards the old account, and whether, under the circumstances, the plaintiffs were not fairly justified in so applying them. But this question is to be submitted to the auditor, to find new facts, if any exist. Judgment reversed, and case committed to the same auditor, for a new trial.

---

NOTE. We are not aware, that any different proof of the appointment of an officer in a foreign country, is required, from that at home. Proof of one exercising the office *de facto*, is usually sufficient in either case.