SAMUEL ATWOOD _vs._ INHABITANTS. OF WINTERPORT.

_Enlistment—legal evidence of._

Parol evidence of a person's enlistment into the military service of the United States is not admissible.

Nor is a certificate officially signed by the provost-marshal of the district, that the plaintiff ' has this day been credited as a recruit in the navy, to the ' defendant town, ' by order of the A. A. Pro. Mar. Gen. of Maine,' legal evidence of his enlistment.

Nor is such a certificate sufficient evidence that the plaintiff has been 'duly accepted as a soldier of the United States for the term of one year.'

ON REPORT.

ASSUMPSIT to recover a bounty of $300 as per votes of the defendant town, at a meeting held Jan. 21, 1865, and Feb. 10, 1865, for enlisting as a naval recruit and being counted on the quota of the defendants under the call of Dec. 19, 1864.

The vote of Jan. 21, 1865, was, ' to pay to every volunteer three. hundred dollars, in addition to the bounty he may receive from the State, on presentation of a certificate from proper authority that he has been duly accepted as a soldier of the United States for the term of one year, and that the town of Winterport has credit for the same,'—' and that the bounty of three hundred dollars be paid to the person enlisting, by the town treasurer.'

And that of Feb. 10th, ' to authorize the selectmen (of said town) to hire for a term of years, not to exceed two years, on the

Atwood *v.* Inhabitants of Winterport.

best terms they can, a sum of money sufficient to pay a town bounty to our quota of men, under the call of the president of the United States of Dec. 19, 1864, for three hundred thousand men, the sum of three hundred dollars each, when said men are mustered into the service of the United States, and counted upon the quota of said town, whether as volunteers or substitutes.'

It appeared by parol that the plaintiff, on Feb. 28, 1865, presented himself at the office of the provost-marshal of the 5th district (within which was the town of Winterport), as a volunteer for the navy, for the quota of that town; that he was mustered into the service of the United States on April 12, 1865; and by the certificate of the provost-marshal (see opinion) that he was credited on the defendants' quota.

It also appeared that the certificate was presented to the treasurer of the defendant town shortly afterwards, and payment of the $300 demanded.

After the evidence had all been put in, the case was continued on report, with the stipulation

The plaintiff to become nonsuit, if, upon so much of the evidence as is legally admissible, he is not entitled to recover.

*T. W. Vose*, for the plaintiff.

*N. H. Hubbard*, for the defendants.

APPLETON, C. J. There is no legal proof of the plaintiff's enlistment.

Parol proof of the plaintiff's enlistment is not admissible.

To prove this enlistment the plaintiff offered the following certificate:

'PROVOST-MARSHALL'S OFFICE, 5TH DIST. OF MAINE,

BELFAST, ME., May 29, 1865.

I hereby certify that Samuel Atwood has this day been credited as a Recruit in the Navy, to the town of Winterport, by order of the A. A. Pro. Mar. Gen'l of Maine.

A. D. BEAN, CAPT. AND PRO. MARSHALL,

5TH DIST. OF MAINE.'

The fact of enlistment is a matter of record.   It must be proved by a duly authenticated copy from the army records.   A sworn copy is admissible or a copy certified by the proper certifying officer. But the certificate offered is not, and does not purport to be a copy of any recorded fact, or of any record.   It is the assertion of the person certifying that the fact therein stated is true.   A mere certificate that a certain fact appears of record, without the production of an authenticated copy of the record, is not evidence of the existence of the fact.   *Owen* v. *Boyle*, 15 Maine, 147.   The officer certifying should certify a transcript of the record.

The certificate does not show that the plaintiff has been 'accepted as a soldier of the United States for the term of one year,' or for what period of time he has been so accepted.   He may, for ought that appears, have entered the service for a lesser period of time. The certificate, therefore, if without objection on other grounds, does not bring the plaintiff's case within the vote of the town.

The 'bounty' of three hundred dollars' was to be 'paid to the person enlisting.'   To entitle the 'person enlisting' to receive this sum, an enlistment, it would seem, must be shown.   But none has been legally proved, though the objection was specially taken.

The certificate offered does not even state the fact of enlistment, though, perhaps, that might be inferrible, if this were the only objection.

If the enlistment appears in the office of the adjutant-general, there is no certificate signed by him in relation thereto, though such certificate would be admissible by R. S., c. 82, § 101.

*Plaintiff nonsuit.*

CUTTING, KENT, WALTON, BARROWS, and TAPLEY, JJ., concurred.