### STATE OF MAINE *vs.* GEORGE A. LYNDE.

### Knox.   Opinion December 9, 1885.

*Public records.   Sworn copy.   Evidence.*

The contents of a public record may be proved by the production of the record itself, or by a copy duly certified by the proper officer, or by an examined copy sworn to by an unofficial witness who made the examination.

ON EXCEPTIONS.

Indictment for keeping a liquor nuisance.

At the trial, George S. Winn, a clerk in the office of the collector of internal revenue, testified that he had the custody of

the records and had made a true copy therefrom of certain names. This copy was admitted to show that the defendant had procured a license as retail liquor dealer, and the defendant alleged exceptions.

*True P. Pierce*, county attorney, for the state, cited : *State* v. *Gorham*, 65 Maine, 270.

*D. N. Mortland* and *J. E. Hanley*, for the defendant.

We think it is a well settled rule that the record itself or a copy attested by the proper officer is the only evidence admissible of such a record. 1 Greenl. Ev. 483, 484 ; *Hammatt* v. *Emerson*, 27 Maine, 308 ; *State* v. *Gray*, 39 Maine, 353.

The fact that the clerk testified that the paper was a true copy of the record did not make the paper admissible ; neither was it competent for the clerk to testify, it was nothing more nor less than allowing a person to testify what the record was without producing it. The production of a paper made by himself and which he certified to be a true copy was simply allowing him to testify from a memorandum what the record contained. The collector, himself, could not be permitted to give such testimony while an authentic copy made by him might be evidence. *McGuire* v. *Sayward*, 22 Maine, 230 ; *Owen* v. *Boyle*, 15 Maine, 147 ; *Atwood* v. *Winterport*, 60 Maine, 250.

PETERS, C. J. The original record of payments for licenses, kept in the office of the collector of internal revenue, would have been proper evidence. And a copy of the same, certified by the collector himself would have been. A copy of the record authenticated merely by a clerk in the collector's office, an unofficial person, standing without other proof, would be neither sufficient nor admissible. But it was in this case supported by the testimony of the clerk as a witness, who swears that he personally examined the record and made a true copy. The copy sustained by his oath, was admissible, if the mode of proof styled "sworn copies," or "examined copies," is allowable by the practice in this state. *State* v. *Gorham*, 65 Maine, 270.

Examined copies are, in England, resorted to as the most usual mode of proving records. Whar. Ev. § 94. The mode

is explained and commended in Best's work on evidence, § 468. It seems to have prevailed in many of the states, including Pennsylvania and New York. It was at an early date adopted. in some of the federal circuit courts. 4 Dall. 412 (*U. S.* v. *Johns*). It is not an unknown mode of proof in New England. It is spoken of as a well settled doctrine in New Hampshire. *Whitehouse* v. *Bickford*, 29 N. H. 471. In *Spaulding* v. *Vincent*, 24 Vt. 501, it is said : "The more usual method" (of proving a discharge in a foreign court of bankruptcy) "is a sworn copy." Mr. Greenleaf says (1 Ev. § 485), "Where the proof is by copy, an examined copy, duly made and sworn to by any competent witness, is always admissible." In *Atwood* v. *Winterport*, 60 Maine, 250, the rule is casually approved, APPLETON, C. J., there saying, whilst speaking of the mode of proving an army record, "A sworn copy is admissible or a copy certified by the proper certifying officer."

Why not admissible? The evidence is as satisfactory certainly as a certified copy. In the latter case we depend upon the honor and integrity of an official, and in the former upon the oath of a competent witness. In either case, an error or a fraud is easily detectable. Probably, the reason why such a mode of proof has not been much known, if known at all, in our practice, is that it is cheaper and handier to produce copies, and if a witness comes instead, it is more satisfactory to have the officer who controls the records bring them into court. In some jurisdictions certified copies are not admitted in all cases, but only from special necessity. We think the evidence was properly admitted.

*Exceptions overruled.*

WALTON, DANFORTH, LIBBEY, EMERY and FOSTER, JJ., concurred.