148 P.2d 575

**HIGGINS v. FULLER et al.**

No. 4775.

Supreme Court of New Mexico.

Jan. 12, 1944.

Rehearing Denied April 28, 1944.

See, also, 148 P.2d 573.

Whatley & Garland, of Las Cruces, for appellant.

Holt & Holt and W. T. Scoggin, Jr., all of Las Cruces, for appellees.

BRICE, Justice.

This action was instituted to cancel a deed made by the defendant New Mexico State Tax Commission, conveying to the defendant Fuller (appellee) certain real property that had been sold to the State at a tax sale for taxes assessed against it.

The merits of the case are not involved. But one question is presented; that is, whether the trial court erred in holding

that plaintiff was required to prove the loss of the defendant's application to purchase, which was a public record in the office of the State Tax Commission, as a foundation for the introduction of a copy thereof, then and there in the possession of defendant's counsel.

It seems to have been assumed by the trial court and counsel that the contents of a public record could not be proved except by the introduction of the original, until its loss had been proved to the satisfaction of the court.

Proof of official records is provided for by Rule 44-(a) (2) and 44-(c), as follows:

"Copies of any books, records, papers, or documents in any of the executive or administrative departments of the New Mexico state government authenticated under the seal of such department, shall be admitted in evidence equally with the originals. In cases where any executive or administrative department has no seal, copies of any such books, records, papers, or documents authenticated under the official signature of the particular officer having custody of the same, accompanied by a certificate of the secretary of state, certifying as to the official signature and official status of the particular officer, shall be admitted in evidence equally with the originals."

"This rule does not prevent the proof of official records or of entry or lack of entry therein by any method authorized by any applicable statute or by the rules of evidence at common law."

It is not claimed that the copy which admittedly was in the hands of defendant Fuller's counsel was certified, but there is sufficient evidence before the court to show that this document was prepared by some person in the office of the State Tax Commission necessarily having the original in his possession from which to make the copy and who, therefore, could testify that it was an "examined copy." The court seemed to be of the opinion that it was necessary for the appellant to establish the loss of the record in question before other evidence could be introduced to prove the contents of the record. This has never been the rule regarding proof of the contents of public records. The originals are kept for the inspection of the public and if allowed to be removed from the care of the custodian, or from the usual place of deposit each time they are needed for use in court as evidence, the public would be inconvenienced and the record might be lost. If a certified copy cannot be obtained (and it is shown clearly that it could not in this case), or even if it could be obtained, it does not preclude proof of the contents of the record by other proper evidence. An examined copy of a public record made by a person having or not having official custody thereof, is admissible in evidence to prove its contents. State v. Pendleton, 67 Kan. 180, 72 P. 527; Von Schoech v. Herald News Co., Tex.Civ.App., 237 S.W. 651, citing 1 Greenleaf on Evidence, Sec. 9, 485, 508 and 509; Anthony Doll & Co. v. Hogan, 40 N.M. 55, 53 P.2d 649; 32 C.J.S., Evidence, § 650; In re State Question No.

236, etc., 183 Okl. 355, 82 P.2d 1017; Wigmore on Evidence, Sec. 1273; Jones on Evidence in Civil Cases (3rd Ed.) Sec. 524.

Before an "examined copy" can be introduced in evidence the person who made it or who compared it with the original must first testify that it is a copy. In discussing the matter of the admission of certified and examined copies of public records, Professor Wigmore states:

"It is because of this distinction, created and maintained under another principle of the law of evidence, that there has been a tendency to recognize some distinction, for the present principle also, between the two kinds of copies, and to require a certified in preference to a sworn copy, in proving the contents of official documents. Such a distinction has no support, either in orthodox tradition or in reasons of policy. So far as the traditional practice is concerned, the sworn copy was in England for a long time almost the exclusive mode of proving official documents other than judicial records, because the Hearsay exception allowing the use of certified copies was there recognized (until statutory changes occurred) to only a limited extent. In the United States, however, owing to the broader scope given to this common law exception, and owing to its liberal expansion by statute at an early date, the certified copy came into more general, if not almost exclusive use; so that the youngest generation of practitioners in many jurisdictions seldom use or even see a sworn copy of an official document. Add to this that the statutes enlarging the exception to the Hearsay rule and making all kinds of official documents in almost all jurisdictions provable by certified copy have sometimes been misapprehended by the Courts; i. e. a provision intended merely to enable such a copy to be used where it could not be used before has sometimes been ignorantly treated as though nothing not specified in the statute could be used as a copy, and thus as if the statute provided an exclusive mode. In some such ways as these the notion has been sanctioned in a few jurisdictions that a certified copy should be preferred to a sworn copy. * * *

"There is properly no preference for a certified or office copy over a sworn or examined copy; though a few jurisdictions recognize such a preference in some instances. There is no preference for a copy judicially established under statutes providing a mode for establishing a record of the contents of a lost or destroyed document. There is no preference for the transcriber personally over any other person competent to verify the copy." 2 Wigmore on Evidence, Sec. 1273.

Also see State v. Lynde, 77 Me. 561, 1 A. 687, in which it is stated:

"Examined copies are, in England, resorted to as the most usual mode of proving records. * * * The mode is explained and commended in Best's work on Evidence, (Sec. 486.) It seems to have prevailed in many of the states, including Pennsylvania and New York. It was at an early date adopted in some of the federal

circuit courts. * * * It is not an unknown mode of proof in New England. It is spoken of as a well-settled doctrine in New Hampshire. * * * In Spaulding v. Vincent, 24 Vt. 501, it is said: 'The more usual method' of proving a discharge in a foreign court of bankruptcy 'is a sworn copy.' Mr. Greenleaf says * * * 'Where the proof is by copy, an examined copy, duly made and sworn to by any competent witness, is always admissible.' In Atwood v. Winterport, 60 Me. 250, the rule is casually approved; Appleton, C. J., there saying, while speaking of the mode of proving an army record: 'A sworn copy is admissible, or a copy certified by the proper certifying officer.'

"Why not admissible? The evidence is as satisfactory, certainly, as a certified copy. In the latter case we depend upon the honor and integrity of an official, and in the former upon the oath of a competent witness."

If, therefore, the appellant could establish by the maker of the copy that it was an "examined copy," it was admissible in evidence.

The trial court should have required the production of the copy of the record then in the possession of the appellee's counsel, and have permitted its introduction in evidence if the person who prepared it had testified to facts which would have proved it to be an examined copy. The introduction of such proof does not depend upon whether the record is in the hands of its custodian. It is admissible though the original may have been lost subsequent to the making of the examined copy. If appellant is unable to produce a certified copy or an examined copy to establish the contents of the record it may be necessary for him to establish the loss of the original and prove its contents by oral testimony.

The decree is reversed and cause remanded to the district court with instructions to set aside its decree and grant to appellant a new trial.

It is so ordered.

SADLER, C. J., and MABRY and THREET, JJ., concur.

BICKLEY, J., did not participate.

On Motion for Rehearing.

BRICE, Justice.

Appellee Fuller, hereinafter referred to as appellee, has moved for a rehearing and for grounds thereof states:

"1. Because the action of this court in reversing and remanding the cause is inconsistent with and violative of Procedural Rule 17 (Sec. 19-201 (17) N.M.Sts.1941, Anno.).

"2. Because the opinion and decision of this court filed January 12, 1944, is grounded upon a theory entirely different from and foreign to the theory and issues upon which the case was tried in the district court, both by the trial judge and by all counsel."

We did not deem it necessary in writing the original opinion to more than determine the question that would dispose of the case. In view of appellee's argument we have concluded to go into more detail.

The entire record was not brought to this court; only sufficient thereof is before us to determine the question of whether the court erred in the particulars set out in appellant's assignment of errors hereinafter copied.

The appellee admitted in her answer that she had made the application to purchase the property in suit from the State Tax Commission. The contents of this application became material to a decision of the case. The appellant stated to the court that the original application was not in the office of the State Tax Commission, that it had been lost, by reason of which he could not obtain it for evidence; that he had been informed that appellee's counsel was in possession of a copy of the record. The court stated that appellant could demand its production for evidence. Thereupon appellant made such demand, which was resisted upon the ground among others, that appellant had not "accounted for the original."

The court sustained appellee's objection, stating: "Before you can do anything by way of procuring a copy of it, or by way of testifying, it has got to be proven that the original was lost."

For the purpose of giving appellant time to secure evidence to prove the loss of the record, the court adjourned the hearing for two weeks. At the appointed time the trial was resumed, and appellant introduced evidence tending to prove the loss of the record. The trial court held that the evidence did not establish such fact; and that in the absence of such proof no evidence of its contents could be introduced. Thereafter the following occurred:

"Mr. Whatley: (Attorney for appellant)

"Now, we call on the defendant to produce the copies of the two applications which are in his possession and especially the application to repurchase, dated June 28, 1941, made by the defendant A. L. Fuller to the defendant New Mexico State Tax Commission for the purpose of establishing that it was represented to the State Tax Commission she was the former owner of the property and had the right to repurchase it by payment of taxes plus interest and costs.

"The Court: We had this thing up before and the court ruled the defendant would not be required to produce that until it is shown the original cannot be supplied, that it has been lost and there is no proof here to that effect.

"Mr. Whatley: We contend we have shown we have exhausted every reasonable effort to obtain the original of this application.

"The Court: There is no evidence in this case whatever that this original instrument has been lost.

"Mr. Whatley: Then I offer to testify what I did in an effort to obtain the original.

"The Court: This case was purposely continued to enable the plaintiff to produce the necessary evidence whereby secondary evidence could be produced. * * *

* * * * * *

"Mr. Whatley: Call Mr. Holt as a witness.

"The Court: Who?

"Mr. Whatley: E. L. Holt.

"Mr. Holt: I object, if the Court please, decidedly improper.

"The Court: I think so. Sustain objection.

"Mr. Whatley: If the court please, the purpose of that offer to call Mr. Holt as a witness is to show by him that under date of October 29, 1941 Mr. H. Vearle Payne, Assistant Special Tax Attorney for New Mexico State Tax Commission, wrote Mr. Holt in regard to a letter from him on October 24th, 1941, and transmitting to Mr. Holt a copy of offer to purchase, signed by Mrs. A. L. Fuller and dated May 20, 1941, and a copy of application to repurchase, signed by Mrs. A. L. Fuller and dated June 28, 1941; and that Mr. Holt has had those copies of those two applications to repurchase since the time he received that letter from Mr. Payne, and that he has them in his files today, and that that copy of the application to repurchase was sent him from the office who had the legal custody of the original documents and that it was sent to him as a result of his own request, and that that copy of that application to repurchase that property will establish that the defendant Fuller practiced fraud and misrepresentation when she made application to the State Tax Commission and offered to repurchase the property from the State Tax Commission as the former owner though knowing that she was not the former owner, in consequence of which the tax deed in this case by which she claims title is void.

"The Court: The ruling of the Court sustaining the objection will stand.

"Mr. Whatley: Plaintiff rests.

"Mr. Holt: Defendant moves for judgment in her favor as prayed in her Answer, the plaintiff having failed to prove the material allegations of his complaint, and in particular, plaintiff failed to prove that any fraud was committed by this defendant, Mrs. A. L. Fuller, in the matter of her acquiring this property by tax deed from the State of New Mexico, no evidence of fraud whatsoever on the part of the defendant has been adduced by the plaintiff.

"The Court: Motion will have to be sustained and case dismissed.

"Mr. Garland: Exception."

Thereafter judgment was entered for defendant, dismissing the case.

Appellant assigned errors as follows:

"(a) That the court erred in refusing to require the attorneys for the defendant Fuller to produce for inspection and for in-

troduction in evidence in this case the copy of the application made by the defendant Fuller to the defendant New Mexico State Tax Commission to repurchase the property involved in this law suit * * *

"(b) That the court erred in requiring the plaintiff to establish by the evidence beyond a reasonable doubt that the original application made to the defendant New Mexico State Tax Commission to repurchase said property had been lost before admitting as secondary evidence the contents of said application to repurchase, because it appears conclusively from the record that the plaintiff had exhausted all reasonable means and efforts at his command and within his power to obtain said original application to repurchase, all without avail."

Upon consideration of these assignments our original opinion was written.

Section 1 of Supreme Court Rule 17, referred to in appellee's motion, is as follows:

"The Supreme Court in appeals or writs of error shall examine the record, and on the facts therein contained alone shall award a new trial, reverse or affirm the judgment of the district court, or give such other judgment as to it shall seem agreeable to law, and said Supreme Court shall not decline to pass upon any question of law or fact which may appear in any record either upon the face of the record or in the bill of exceptions because the cause was tried by the court, or judge thereof without a jury, but shall review said cause in the same manner and to the same extent as if it had been tried by a jury."

Obviously a new trial was ordered on "the facts" contained in the record alone, for which reason appellant's first ground for a rehearing must be overruled.

Regarding the second ground, we are not here concerned with the theory upon which the case was tried below. No question presented has reference to such theory. The term "theory of the case" relates to the basis of liability or grounds of defense. Cadwell v. Higginbotham, 20 N. M. 482, 151 P. 315; South Bend Mfg. Co. v. Liphart, 12 Ind.App. 185, 89 N.E. 908. The questions presented here have reference only to the rulings of the court on the demand of appellant for the production of evidence. The fact that the appellant believed it was incumbent upon him to show diligence in securing the original record before making such demand is immaterial. He demanded the production of the evidence; he called as a witness counsel who he asserted had the copies in his possession, but his demand and offer of evidence were denied because he had not established to the satisfaction of the trial court that the original was lost. This was error.

We adhere to our ruling. The motion for a rehearing should be overruled, and it is so ordered.

SADLER, C. J., and MABRY and THREET, JJ., concur.

BICKLEY, J., did not participate.