Dennis SIZEMORE, Appellant,

v.

UNITED STATES LINES COMPANY

v.

T. HOGAN CORPORATION, Third-Party Defendant.

No. 14273.

United States Court of Appeals Third Circuit.

Argued Sept. 17, 1963.

Decided Oct. 15, 1963.

Avram Adler, Philadelphia, Pa. (Freedman, Landy & Lorry, Philadelphia, Pa., on the brief), for appellant.

Thomas F. Mount, Philadelphia, Pa. (Rawle & Henderson, Philadelphia, Pa., on the brief), for United States Lines Co.

Robert Cox, Philadelphia, Pa., for T. Hogan Corp.

Before McLAUGHLIN, STALEY and HASTIE, Circuit Judges.

HASTIE, Circuit Judge.

The appellant, a longshoreman, recovered a $4,758 judgment for personal injuries against a defendant shipowner, with liability over against the longshoreman's employer. This appeal challenges that recovery as inadequate and asserts that the inadequacy resulted from deficiencies in the court's instructions to the jury. The appellant seeks a new trial, either generally or as to damages alone.

The evidence showed that the appellant was standing on a mound of cargo in the hold of a ship during unloading operations when a cargo container collapsed, causing him to fall some 15 feet to the bottom of the hold. In addition to rib fractures, he suffered a lower back injury with which this appeal is primarily concerned. In a special verdict the jury found that the accident had been caused by the negligence of the defendant shipowner and the unseaworthiness of the vessel and made what the appellant considers an inadequate award.

The appellant's principal contention is that errors in the court's instructions deprived the jury of proper guidance in deciding whether at the time of the trial he had fully recovered from the injurious effects of the accident, or whether the

accident had caused a partially disabling condition which persisted at the time of the trial and would continue thereafter. More particularly, at the trial the appellant attempted to prove that the fall caused one or more herniated intervertebral discs which continued to be seriously disabling. In opposition, the defendant attempted to show that the fall caused only a minor and short-lived back injury, and that any persisting disability was solely the result of chronic arthritis of the back accompanied by degenerative intervertebral disc changes produced by a lifetime of hard work. It was, therefore, an important issue whether a chronic degenerative arthritic condition was present in the appellant's lower back prior to and at the time of the accident.

The accident occurred in 1957. A medical witness for the defendant testified that a narrowing of intervertebral disc spaces and associated degenerative conditions appeared in 1959 x-rays of appellant's back and indicated an old chronic arthritic condition. On cross-examination the witness testified that any competent radiologist examining these 1959 x-rays could and would observe this abnormality. From this testimony appellant infers and argues, though there is no medical testimony on the point, that x-rays taken in 1957 immediately after the accident would be similarly revealing. He applies this inference to x-rays which were taken shortly after the accident, although they were not in evidence and the radiologist who took and evaluated them was not called as a witness. However, that radiologist's report on the 1957 x-rays was in evidence. It stated merely that "examination of the lumbar spine including lumbro-sacral and sacro-iliac articulations reveals no evidence of fracture".

On the basis of these facts appellant's counsel argued to the jury and asked the court to charge the jury that a substantial basis had been established for a conclusion that the 1957 x-rays showed no arthritic condition. The trial judge declined to mention this possible inference and the appellant has assigned this refusal as error.

■■ The trial judge did discuss the evidence at length in his charge. Certainly such a discussion should be balanced, neither ignoring nor unfairly minimizing important contentions of either party. Home Ins. Co., N. Y. v. Consolidated Bus Lines, 4th Cir. 1950, 179 F.2d 768, 773; Weiss v. London Guarantee & Accident Co., 1924, 280 Pa. 325, 124 A. 472. But we think refusal to comment on the possible inference now in question was not error.

The 1957 x-ray report was made on a printed form of the hospital where the examination occurred. The form shows a request, signed by a physician, for a "Roentgenographic Examination of Lumbro-Sacral spine". In a space provided for the requesting physician's statement of the "information desired", there appears in longhand, "fracture?". The radiologist's report, which we already have quoted, states merely that the x-rays revealed no evidence of fracture.

To one person the failure of the examining radiologist to report any evidence of an arthritic condition might suggest that no such evidence was present; but to another it might as logically indicate merely that the report was confined to the information requested. We are unable to say that the first possible inference is stronger or more reasonable than the second. Certainly, neither is a logical imperative. In these circumstances the probative value of the report as evidence that the x-rays showed no arthritic condition was at most very slight. We have no doubt that it was permissible for counsel to urge the jury to draw such an inference. But a court summarizing the evidence could reasonably view the showing on this point as so ambiguous in significance and of such slight probative value that it did not require mention in a fair and even-handed summary of the more important items of evidence. Indeed, if the trial judge had seen fit to comment on this matter to the jury at all, he could properly have directed attention as much to the possible inference which

was not helpful to the plaintiff's position as to the appellant's contention that this item was an important bit of evidence in his favor. We find no error in the court's refusal to comment upon this matter.

The appellant's second contention is that the court's charge with reference to any damage suffered through aggravation of a pre-existing arthritic condition was erroneous. The appellant requested a charge that a wrongdoer is liable for all harm caused by his negligence even though that harm is magnified by the aggravation of pre-existing latent or dormant physical ailments. While the court did not adopt appellant's language, it did charge that a wrongdoer takes the person he injures "as he finds him", with specific reference to "susceptibility to having his condition aggravated by a fall". The court added that it is not an excuse for dire consequences of a negligent injury that the injured person "was not a normal healthy man". While the charge given was less explicit than the one requested by the appellant, we think the meaning was not substantially different and that the essential idea was conveyed to the jury.

On this issue it is also to be considered that the appellant strenuously urged throughout the trial that he suffered from no pre-existing arthritic condition at the time of his fall and, thus, that his case was one of entirely new injury rather than aggravation of an old one. The issue of aggravation would arise only if the jury accepted the contention of the defense that the appellant suffered no more than a short-lived aggravation of an old chronic arthritic condition. There was no medical evidence of a permanent worsening of an arthritic condition. Thus, the jury had no basis for any large award for aggravation of an old arthritic condition. The law does not require a charge that is pellucid in every minute detail with reference to every minor point of the case. Cf. Stilson v. United States, 1919, 250 U.S. 583, 588, 40 S.Ct. 28, 63 L.Ed. 1154. If the court's charge of aggravation of an old injury was not as explicit as it might have been, we think any error was minimal on an issue which was of no large significance in this case.

The appellant also argues that the trial judge erred in refusing to read to the jury his requested charge that, where permanent injury has been suffered, loss of earning capacity throughout the remainder of the victim's span of life must be considered. Our reading of the entire charge satisfies us that the concept of the nature and extent of a wrongdoer's liability to a permanently disabled person for loss of future earnings was adequately presented to the jury, though not in the language proposed by plaintiff. We find no error here.

The judgment will be affirmed.