Peter DiBELLO, Appellant,

v.

REDERI A/B SVENSKA LLOYD,
Appellee-Appellant,

v.

JOHN W. McGRATH CORPORATION,
Appellee.

No. 297, Docket 30794.

United States Court of Appeals
Second Circuit.

Argued Jan. 12, 1967.

Decided Jan. 19, 1967.

Richard L. Fisch, Fisch, Kaplan & Goldman, New York City, for appellant.

William P. Kain, Jr., New York City (Joseph V. Fleming, Haight, Gardner, Poor & Havens, New York City, on the brief), for appellee-appellant.

Martin J. McHugh, McHugh & Leonard, New York City (Joseph F. McGoldrick, New York City, on the brief), for appellee.

Before WATERMAN, SMITH and KAUFMAN, Circuit Judges.

IRVING R. KAUFMAN, Circuit Judge:

Peter DiBello (appellant), a longshoreman, employed by the McGrath Corporation (McGrath), a stevedoring concern, was injured in the course of his work when he fell from a vertical steel ladder on board the M/S Iberia, owned by Rederi A/B Svenska Lloyd (Rederi). Appellant sued the shipowner to recover for his personal injuries, and Rederi filed a third party complaint against McGrath.

At the trial, DiBello contended that the second rung of the ladder in question was defective, and the narrow issue for the jury was whether the ladder was reasonably fit for its intended use. In answer to special interrogatories the jury found that Rederi was not negligent, and that the ship was not unseaworthy. Judge Levet thereupon directed entry of a judgment in favor of Rederi and dismissed the third party complaint. DiBello appeals from that judgment.

 Appellant's primary contention is that he was denied a fair trial because the Court failed to preserve an atmosphere of impartiality. DiBello argues that Judge Levet participated excessively in the trial, citing the fact that appellant's witnesses were interrupted by him 32 times. We cannot conclude in the circumstances of this case that this represents excessive participation. As we have noted, "A judge who conducts a jury trial has a duty to see that the facts are clearly presented and may ask pertinent questions of the witnesses to that end. He is not a mere passive spectator or moderator, though it goes without saying that he should exercise self-restraint and preserve an atmosphere of impartiality and detachment." Pariser v. The City of New York, 146 F.2d 431, 433 (2d Cir. 1945). A careful examination of the record reveals that Judge Levet's questions were pertinent and calculated to aid the jury by clarifying the witnesses' testimony.

The record also fails to indicate any pattern of hostility toward DiBello. The fact that Judge Levet made a great many more adverse rulings against appellant than appellee, indicates, in this case, that the requests and objections by appellant were not sound, rather than that the judge was biased. Nor is there any merit to DiBello's contention that the judge was generally argumentative or demeaning to appellant, his witnesses or his counsel. If, on rare occasion, Judge Levet's remarks might better have been left unsaid, they were but separate and isolated instances, insufficient to contaminate the free air of an impartial tribunal or to necessitate reversal. Cf. Judge Kaufman, United States v. Kelly, 349 F. 2d 720, 765–766 (2d Cir. 1965), cert. denied, 384 U.S. 947, 86 S.Ct. 1467, 16 L.Ed.2d 544 (1966); United States v. Kahaner, 317 F.2d 459, 478 (2d Cir.), cert. denied, 375 U.S. 836, 84 S.Ct. 73, 11 L.Ed.2d 65 (1963).

 DiBello also claims that it was error to allow McGrath to sum up to the jury. But, McGrath's first line of defense against the shipowner's claim of indemnity was to defeat DiBello's claim against Rederi. It is clear that a third party defendant has the right to examine and cross-examine witnesses on the trial of the plaintiff's claim against the defendant. See, e. g., Hagans v. Ellerman & Bucknall S.S. Co., 318 F.2d 563 (3d Cir. 1963). It is irrelevant that McGrath waived its right to jury on the separate issue of indemnity. Having the right to examine witnesses on the question of Rederi's liability, it was within the judge's discretion to allow McGrath to sum up to the jury and his exercise of this discretion was not abused in the present case.

 Moreover, there is little merit to DiBello's claim that his time for summation was improperly curtailed. As appellant admits, "there is no precise method of proving this." Even his imprecise method which relies on when the "bells of the neighboring church sounded," and the number of pages of the record given

over to the summation fail to prove that DiBello's requested time for summation was prejudicially, deliberately and intentionally reduced. Indeed, the transcript reveals only that the total summations by counsel for Rederi and McGrath consumed 29 pages, while DiBello's summation was recorded in 22 pages.

 Appellant's other contentions are also without merit and may be dismissed summarily. It was not error for the Court to deny DiBello's motion to strike all testimony which related to a ladder as being the exact ladder involved in appellant's accident. Captain Hanson, master of the *Iberia*, testified that the ladder introduced in evidence was in fact the ladder from which DiBello fell. Furthermore, there was sufficient evidence presented to the jury to justify Judge Levet's charge on contributory negligence and the jury's ultimate finding that Rederi was not negligent and the ship was not unseaworthy.

Affirmed.