Philip J. LECKLIKNER

v.

**TRANSANDINA COMPANIA NAVIERA, S. A., Appellant in No. 16776,**

v.

**JARKA CORPORATION OF PHILADELPHIA, Appellant in No. 16777.**

**Nos. 16776, 16777.**

United States Court of Appeals Third Circuit.

Argued Dec. 22, 1967.

Decided Feb. 8, 1968.

See also D.C., 41 F.R.D. 546.

Harrison G. Kildare, Rawle & Henderson, Philadelphia, Pa. (Thomas F. Mount, Philadelphia, Pa., on the brief), for appellant in 16776 and for appellee in 16777 (Transandina Compania Naviera, S. A.)

F. Hastings Griffin, Jr., Dechert, Price & Rhoads, Philadelphia, Pa., for appellant in 16777 and appellee in 16776 (Jarka Corp.)

## OPINION OF THE COURT

Before BIGGS, McLAUGHLIN and VAN DUSEN, Circuit Judges.

PER CURIAM.

This appeal (No. 16,776) [1] from the order of the district court denying defendant-third party plaintiff shipowner's (hereinafter appellant) motion for new trial in its third-party action against the stevedoring company (appellee) complains of the refusal by the trial judge of appellant's requests for charge 17 and 19 and of a supplemental statement of law sent to the jury by the trial judge in answer to a question sent to him by the jury while they were deliberating.

The evidence, which must be considered in the light most favorable to the jury's "No" answer to Special Interrogatory 3, justified jury findings that (1) the level of the sugar was above the bottom of the ladder at the time plaintiff fell and that the ladder was not defective

[1]. Although appellee would appear to be correct that the appeal should have been taken from the judgment (not the order denying a new trial), such a mistake will be treated as harmless error and this appeal will be treated as if arising from the judgment of February 1, 1967. See United States v. Certain Land In City of Paterson, N. J., 322 F.2d 866, 869 (3d Cir. 1963).

for its use by plaintiff at that time, (2) bad lighting of the ladder (but not so deficient that the appellee should have stopped use of the ladder) caused a misstep and fall by plaintiff, and (3) it was the ship's duty to supply adequate lighting of the ladder.

 The trial judge was justified in refusing to read plaintiff's request No. 17 which did not point out that it was only applicable if the jury found appellee had been responsible for a breach of its warranty to do its job in a workmanlike manner. As worded, the trial judge was justified in finding this request confusing on this record. See Mahon v. Reading Company, 367 F.2d 25, 33 (3d Cir. 1966). Request 19 did not take into consideration the testimony of the ship's mate from which the jury might have found that the ladder was acceptable to the ship for use by the stevedores. See Thompson v. Trent Maritime Co., 353 F. 2d 632, 641 (3d Cir. 1965).

Also the law governing appellee's warranty was correctly explained in the charge and hence it was not reversible error for the court to refuse these requests even if they were correct. See Gerhart v. Henry Disston and Sons, Inc., 290 F.2d 778, 795 (3d Cir. 1961); Sizemore v. United States Lines Company, 323 F.2d 774, 777 (3d Cir. 1963); Mannke v. Benjamin Moore & Company, 375 F. 2d 281, 283 (3d Cir. 1967); Chicago, Rock Island and Pacific Railroad Co. v. Emery, 233 F.2d 848, 850 (8th Cir. 1956). Similarly we can find no reversible error in the supplemental charge. See F.R.Civ.P. 61.

The February 1, 1967 judgment of the district court in favor of appellee will be affirmed in No. 16,776.

The protective appeal in No. 16,-777 challenges the refusal of the trial judge to permit counsel for appellee to argue to the jury that the ship was not

liable to plaintiff. Although this appeal is now moot, we agree with the U. S. Court of Appeals for the Second Circuit that counsel for a third-party defendant-indemnitor has the right to argue to the jury on this issue on facts such as those in this record. See DiBello v. Rederi A/B Svenska Lloyd, 371 F.2d 559, 561 (2d Cir. 1967); cf. Hagans v. Ellerman & Bucknall Steamship Company, 318 F. 2d 563, 586–587 (3d Cir. 1963).[2]

The appeal in No. 16,777 will be dismissed as moot in view of the above-described decision in No. 16,776 affirming the February 1, 1967 judgment of the district court.

---

2. There may be times when the facts will require the severance of the third-party action for a separate trial, but, if the usual situation of a joint trial of both actions is held, the third party defend-ant's counsel must be granted the rights stated in the above cases. See Weitort v. A. H. Bull & Company, 192 F.Supp. 165 (E.D.Pa.1961) and cases there cited.