Felicita **FERNANDEZ**, Administratrix, Plaintiff-Appellant,

v.

Robert D. **FITZGERALD**, Defendant-Appellee.

No. 826, Docket 82–7634.

United States Court of Appeals, Second Circuit.

Argued Jan. 27, 1983.

Decided June 24, 1983.

John R. Williams, New Haven, Conn. (Williams & Wise, New Haven, Conn., of counsel), for plaintiff-appellant.

Raymond B. Rubens, Asst. City Atty., Bridgeport, Conn., for defendant-appellee.

Before LUMBARD, VAN GRAAFEI-LAND and PIERCE, Circuit Judges.

VAN GRAAFEILAND, Circuit Judge:

Felicita Fernandez, as administratrix of the estate of her son Elizer, appeals from a judgment of the United States District Court for the District of Connecticut dismissing her civil rights claim against Robert Fitzgerald, a City of Bridgeport police officer, following a jury trial before Judge Zampano. Appellant's sole claim of error is that the trial court refused to charge that the jury might consider whether certain evidence pointed to a "consciousness of guilt" on the part of appellee. Finding no error affecting appellant's substantial rights, Fed.R.Civ.P. 61, we affirm.

On July 6, 1977, appellee shot and killed Elizer as Elizer was fleeing from a stolen car. Appellee was acquitted of criminal charges resulting from the incident. His defense in both the civil and criminal actions was that he shot in self-defense when the decedent suddenly stopped, turned, and extended his arms toward appellee with an object in his hands that appeared to be a gun.

However, no gun was found at the scene of the shooting. Appellee testified that he found a knife nearby, but the first police who arrived at the scene failed to see it, and no fingerprints were lifted from its handle. There were also some discrepancies concerning appellee's exact location at the time of the shooting and the timing of the several shots that were fired. Appellant contends that, because of the foregoing alleged inconsistencies in the evidence, the district court was required to give the false-exculpatory-statement charge which sometimes is given in criminal cases.[1] We disagree.

---

1. Appellant's counsel requested the trial court to charge as follows:

Conduct of a defendant, including statements knowingly made and acts knowingly done after an allegedly wrongful act, may be considered by the jury in the light of all other evidence in the case in determining whether or not the defendant has acted wrongfully. When a defendant voluntarily and intentionally offers an explanation, or makes some

It is by now axiomatic that a court's charge must be tested by viewing it as a whole. *United States v. Bessesen,* 445 F.2d 463, 468 (7th Cir.), *cert. denied,* 404 U.S. 984, 92 S.Ct. 448, 30 L.Ed.2d 368 (1971); *Bennett v. First National Bank,* 443 F.2d 518, 521 (8th Cir.1971). "If the charge as given is correct and sufficiently covers the case so that a jury can intelligently determine the questions presented to it, the judgment will not be disturbed because further amplification is refused." *Oliveras v. United States Lines Co.,* 318 F.2d 890, 892 (2d Cir.1963). *See Fleming v. Michigan Mutual Liability Co.,* 363 F.2d 186, 189 (5th Cir.1966); *Gerhart v. Henry Disston and Sons, Inc.,* 290 F.2d 778, 795 (3d Cir.1961).

The district court, without marshaling the evidence, charged accurately and precisely concerning the burden which the law imposed upon appellee of proving that he shot in self-defense. The court instructed the jurors that, if they should find a witness had deliberately lied on any material points, they were entitled to disbelieve his entire testimony, and also told them that the testimony of a witness might be impeached by showing that he previously had made inconsistent statements.

Having carefully instructed the jury on the law, the district court was not required to charge further concerning every inference which might be drawn from the facts. *Alaska Airlines v. Oszman,* 181 F.2d 353 (9th Cir.1950), *quoted in United States v. Bessesen, supra,* 445 F.2d at 468. It has been said that "[t]o require trial courts to suggest to the jury the inferences which may be drawn from the evidence would be to invite error." *Travis v. United States,* 269 F.2d 928, 943 (10th Cir.1959), *rev'd on other grounds,* 364 U.S. 631, 81 S.Ct. 358, 5 L.Ed.2d 340 (1961). *See Radius v. Travelers Ins. Co.,* 87 F.2d 412, 415 (9th Cir.1937). As a general rule, trial courts are in a better position to decide in each case what factual inferences best are left to argument of counsel and the common sense of the jury, than appellate courts are to decide such matters in advance. *LeRoy v. Sabena Belgian World Airlines,* 344 F.2d 266, 275 (2d Cir.), *cert. denied,* 382 U.S. 878, 86 S.Ct. 161, 15 L.Ed.2d 119 (1965); *Sizemore v. United States Lines Co.,* 323 F.2d 774, 776 (3d Cir. 1963). Accordingly, we think it better that charges of this nature be committed to the trial court's discretion.

Appellant's counsel is mistaken when he argues that "plaintiff's entire case was premised upon the theory of consciousness of guilt." (Appellant's Br. at 6) The theory of a case is derived from the asserted basis of liability or grounds of defense. *Higgins v. Fuller,* 48 N.M. 218, 225, 148 P.2d 575, 579 (1944). The principal issue presented by the pleadings was whether appellee shot Elizer in self-defense, and the principal evidence supporting appellee's claim of self-defense was his own testimony. Since appellee bore the burden on this issue, if the jury did not believe his story, it was free to

---

statement tending to show his innocence, and this explanation or statement is later shown to be false, the jury may consider whether this circumstantial evidence points to a consciousness of guilt. Ordinarily, it is reasonable to infer that an innocent person does not usually find it necessary to invent or fabricate an explanation or statement tending to establish his innocence.

Whether or not evidence as to a defendant's voluntary explanation or statement points to a consciousness of guilt, and the significance to be attached to any such evidence, are matters exclusively within the province of the jury. A statement or an act is "knowingly" made or done, if made or done voluntarily and intentionally, and not because of mistake or accident or other innocent reason.

We have sanctioned the giving of this charge in criminal cases, not on the issue of guilt, but on the issue of consciousness of guilt. *United States v. Di Stefano,* 555 F.2d 1094, 1104 (2d Cir.1977). However, we have never held it error not to give the charge. Indeed, there are those who believe it is better to leave matters of this sort to argument of counsel. *See, e.g., United States v. Robinson,* 475 F.2d 376, 384 (D.C.Cir.1973); Federal Judicial Center Committee to Study Criminal Jury Instructions, *Pattern Criminal Jury Instructions* 51–53 (1982). That was Judge Zampano's reasoning in the instant case. Appellant has cited no authority in support of her argument that the charge must be given.

infer that, at the time of the incident, Fitzgerald did not have the requisite state of mind to support his claim of self-defense. The jury was properly instructed as to the elements of self-defense and its right to weigh the credibility of the evidence and to draw such inferences as it found were warranted. Therefore, reference to the subject of guilt consciousness in this case would have been superfluous.

The giving of the requested instruction was discretionary at best, and there was no abuse of that discretion. *United States v. Indorato,* 628 F.2d 711, 720 (1st Cir.1980), *cert. denied,* 449 U.S. 1016, 101 S.Ct. 578, 66 L.Ed.2d 476 (1980). *See United States v. Peltier,* 585 F.2d 314, 328–29 (8th Cir.1978), *cert. denied,* 440 U.S. 945, 99 S.Ct. 1422, 59 L.Ed.2d 634 (1979). The instructions, "taken as a whole and viewed in the light of the evidence", *Oliveras v. United States Lines Co., supra,* 318 F.2d at 892, supplemented, as they were, by counsel's summation in which he had ample opportunity to present his arguments to the jurors, *see Sizemore v. United States Lines,* 213 F.Supp. 76, 80 (E.D.Pa.1962), *aff'd,* 323 F.2d 774, *supra,* adequately acquainted the jurors with appellant's theory of the case. Appellant had a fair trial.

The judgment is affirmed.

LUMBARD, Circuit Judge, concurring:

I reluctantly concur in affirming the judgment. Considering all the evidence before the jury, including the extraordinary circumstance that many members of the police department testified for the plaintiff and against a fellow officer, it is difficult to see how the jury could have returned a verdict for the defendant. However, liability was for the jury to decide on the evidence, the arguments of counsel and the instructions from the court.

Had I been the trial judge, I would have given the instruction on consciousness of guilt substantially as requested by the plaintiff. But there is no reason to believe that the jury was not fully aware of all the factors bearing on the credibility of the defense, including the alleged false expla-

nation of events given by the defendant. On such a record, I cannot say that the trial court's failure to give the charge requires us to set aside the judgment and order a new trial.