### WALKER et al. v. HARVEY et al.

(Circuit Court of Appeals, Third Circuit. May 6, 1901.)

#### No. 21.

TRIAL—INSTRUCTIONS—CREDIBILITY OF WITNESSES.

    In an action to recover commissions amounting to $17,500 under an alleged brokerage contract, which defendants denied having made, it was not error to instruct the jury that as bearing upon the credibility of the witnesses, who were the parties, and the probabilities of the case, they might consider the delay of plaintiffs in bringing the action, which was not commenced until nearly six years after the sale upon which the commissions were claimed.

In Error to the Circuit Court of the United States for the Western District of Pennsylvania.

Archibald R. Dewey, for plaintiffs in error.
George R. Bedford, for defendants in error.

Before ACHESON, DALLAS, and GRAY, Circuit Judges.

ACHESON, Circuit Judge. This was an action brought on February 8, 1897, by Walker Bros., a firm of brokers, against William J. Harvey and H. Harrison Harvey, to recover the sum of $17,500 and interest thereon, alleged to be due from the defendants to the plaintiffs for brokerage or commissions for effecting the sale in the spring of 1891 of a controlling interest in the stock of the Wilkesbarre & Kingston Passenger Railway Company. The defendants denied the alleged contract of brokerage, or the employment by them of the plaintiffs, and also denied that the sale was effected by or through the plaintiffs. Upon the trial of these issues there was a verdict in favor of the defendants, and the court gave judgment for them on the verdict.

The plaintiffs submitted to the court the following points or requests for instructions:

"First. If the jury find that defendants authorized plaintiffs, as brokers, to sell their interest in the road, and that plaintiffs, through Mr. Dove, brought the property to the attention of Senator Patterson, and that Senator Patterson and others afterwards purchased the interest of defendants, plain-

tiffs are entitled to pay for their services, whether the subsequent negotiations were made with or without the assistance of plaintiffs. Second. A broker's duty is fully performed when he has procured a purchaser ready and able to buy. Third. Plaintiffs' right to recover does not depend upon Patterson's knowledge or want of knowledge of conditions at Wilkesbarre, nor on what previous negotiations had taken place, if such previous negotiations were ineffectual. Fourth. It is for the jury to determine from all the evidence in the case whether the introduction of Patterson by Lewis had been effectual, or whether the presenting the matter to Senator Patterson by Mr. Dove effected the sale."

These points were not specifically answered, and complaint is made here that the court did not affirm them, or charge the jury in substantial accordance therewith. This complaint, however, does not appear to us to be well founded. The general charge of the court, we think, adequately covered the subject-matter of these several points, and the instructions given to the jury were in substantial harmony with them. Thus, among other instructions to the jury, the court charged as follows:

"The testimony is here that Mr. Dove met Mr. Patterson in Philadelphia about the 11th of February, and called his attention to this road. It will be for you to consider what the effect of that calling attention to Mr. Patterson was. What was then the situation? Was the result of Mr. Dove's work— Did it result in bringing about a sale of this road? Was that the means by which this road was sold to Mr. Patterson? If it was, and there was a contract between the parties, why, they ought to be paid the contract price. But it will be for you to determine, under all the evidence in this case, what did result from that interview, and whether the calling of the attention of Senator Patterson to this road by Mr. Dove was the means of accomplishing the sale of the road."

And again, near the conclusion of the charge, the court said to the jury:

"It will be for you, gentlemen, to take into consideration all these facts; and if, as I have said, you find from the evidence in this case that there was a joint undertaking between these defendants with the plaintiff to sell this road, as has been detailed here by the plaintiff, and that they were to pay him $17,500 commissions, and that in pursuance of that contract they went ahead and secured a purchaser, and through their securing that purchaser, or their efforts, they became the means of selling this road, then these defendants are liable to pay this sum of money, with interest for these intervening nine years."

We are unable to perceive that that part of the charge relating to the interview between Calvin Bruce Walker and H. Harrison Harvey is open to the objection that it shut out from the consideration of the jury the letters of H. Harrison Harvey dated November 21, 1890, and January 26, 1891. If any contract binding upon H. Harrison Harvey was ever entered into, it was at that interview. The two named persons were the only witnesses as to what then and there occurred. Their testimony was in direct conflict. The court fairly left it to the jury to determine which of these two versions of that transaction was correct. Here we find in the charge this language:

"As I have said, gentlemen, the evidence is between these two men as to that interview; and, if you find from the facts of the case that the weight of the evidence is with Mr. Walker, that, of course, goes to substantiate the contract, if that agreement was afterwards ratified by William J. Harvey," etc.

Now, these letters were part of "the facts of the case." How, then, can it be said that the charge excluded the letters from the consideration of the jury? At the most, the letters merely tended to corroborate the plaintiff's version of the interview, if, indeed, they shed any light whatever upon the transaction. Whether or not the alleged brokerage contract was entered into was disputed, and the testimony of the witnesses was conflicting. As bearing upon the credibility of the witnesses and the probabilities of the case, we cannot say that any error was committed by the court in saying to the jury that they might take into consideration the delay of the plaintiffs in bringing suit. That delay was most unusual, and was a circumstance unfavorable to the plaintiffs. Tayl. Ev. § 121; Whart. Ev. § 1320a. We discover no error in the trial of this case, and therefore the judgment of the circuit court is affirmed.