CHARLES HUBENTHAL, Appellee, v. JOHN GIBBONS, Appellant.

**ACTIONS:** Long-Continued Delay in Bringing—Effect—Right to Instruction. Long-continued delay in bringing an action may entitle defendant to an instruction that the jury should consider the fact of such delay in determining the very truth of the controversy.

PRINCIPLE APPLIED: Plaintiff and defendant both signed a note some thirty years before plaintiff brought suit with reference thereto. Plaintiff paid the note but left it with the bank. Plaintiff claimed he was surety for defendant. Defendant claimed he and plaintiff were both accommodation makers for one Collins, and that plaintiff being a large dealer in cordwood, and Collins having extensive timber tracts in Missouri, an arrangement was made by which Collins shipped cordwood to plaintiff, and thereby repaid plaintiff for paying the note. The evidence showed large transactions between plaintiff and Collins, in the purchase of cordwood, in the three years following the signing of the note. During the year when the note was signed, defendant moved to Chicago, leaving property in the town where plaintiff lived but left no debts, and paid yearly visits to his old home in this state where plaintiff lived. They were friends and often conversed. Plaintiff never made any claim on defendant on account of the note until twenty-seven years after the signing thereof, when the matter had largely escaped the memory of all those concerned. On the failure of the bank twenty-seven years after the note was signed, the old note was discovered, was turned over to plaintiff, and this suit followed. *Held,* the above principle should be applied.

*Appeal from Lee District Court at Keokuk.*—HON. W. S. HAMILTON, Judge.

TUESDAY, FEBRUARY 9, 1915.

ACTION by plaintiff to recover the amount paid by him as alleged surety for the defendant on a promissory note.

The defense pleaded is that the note in question was signed by both plaintiff and defendant as an accommodation note for one Collins who was the real debtor. That it was part of the arrangement between the makers of the note and Collins that Collins would ship to the plaintiff Hubenthal certain cordwood then and thereafter to be cut by him and that the proceeds of same should be applied in payment of the note; that thereafter Collins did ship to Hubenthal large quantities of cordwood in value clearly in excess of the amount of such note and that the note was thereby paid by Collins. There was a verdict and judgment for the plaintiff for the full amount claimed. The defendant appeals.—*Reversed.*

*B. F. Jones* and *B. A. Dolan,* for appellee.

*J. E. Craig,* for appellant.

EVANS, J.—The note in question was for $187.50 dated January 17, 1880, at Keokuk, Iowa, and due in six months. It was drawn to B. F. Hagerman, payee, who indorsed it without recourse to the Commercial Bank of Keokuk. Hubenthal was a customer of this bank and paid the note when it fell due. He did not, however, take up the note but left it in the hands of the bank. Hubenthal was in the wood business and bought and sold large quantities of cordwood. A certain memorandum book of his is in evidence covering the years 1881, 1882, and 1883. This shows large transactions between him and Collins in the purchase of cordwood amounting to several hundred dollars. At the time of the signing of the note the defendant was a young attorney at Keokuk. Collins was a client who owned a timber tract in Louis County, Missouri, upon which he had cut a large quantity of cordwood. This cordwood was attached by a creditor. The claim of the defendant is that the note in question was given to procure the money to discharge the attachment. The attached property appears to have been conveyed to Gibbons who executed

1. ACTIONS: long-continued delay in bringing: effect: right to instruction.

a mortgage thereon to Hubenthal to secure him as a signer of the note. This mortgage described Hubenthal as a surety. The defendant claims that by the subsequent transactions between Hubenthal and Collins, Hubenthal received into his hands more than sufficient to pay the note in question and that it was thereby paid. The unique thing about this case is that for nearly thirty years the transaction involved was treated by all the parties as closed. Its details have been so completely obliterated from the memories of all the participants that they cannot now be recalled. Henry Bank, now Judge of the district court, had something to do with the transaction but is now unable to remember any detail. Collins remembers nothing except that there was an attachment against his property and that Gibbons in some manner obtained a release of it. Substantially all that Hubenthal can remember is that the bank asked him to sign the note with Gibbons. The defendant also had completely forgotten the transaction but has refreshed his memory concerning it since the claim was made against him. This was the state of affairs when the plaintiff made his first claim against the defendant in August, 1907. He had never prior to that time claimed to the defendant that he had paid such note nor had he ever referred to the subject. In December, 1880, Gibbons became a resident of Chicago and has continued such residence ever since. The statute of limitation therefore is not available to him. Notwithstanding his residence in Chicago he visited his relatives at Keokuk annually. He and Hubenthal were personal friends. He claims to have conversed with him often if not usually on such visits. He appears to have had property in Keokuk. When he removed to Chicago he left no unpaid debts at Keokuk unless it be this one. His Chicago address was known to or was readily ascertainable by Hubenthal. He arose to prominence in Chicago and has been for many years a judge of the Circuit Court there. No reason appears in the record why Hubenthal could not have collected any valid claim from him by mere request or by action. No explanation is given of the silence of

twenty-seven years.   The defendant requested the court to
give the jury the following instruction 16:

"The jury is instructed that while the defendant, Gib-
bons, does not plead the statute of limitations as a legal
defense to this action, nevertheless, if the jury find from the
evidence that after the time the plaintiff claims he paid the
note in controversy, said defendant, Gibbons, visited Keokuk
on business and pleasure on several occasions, he, Gibbons, met
and conversed with plaintiff, Hubenthal, and, if you further
find from the evidence that said Hubenthal did not say or
intimate to Gibbons anything concerning said note, or that he
had paid the said note or that said Gibbons was indebted to
him in any way, and if you further find from the evidence that
the plaintiff, Hubenthal, made no demand of any kind on said
Gibbons to pay said note until August 6, 1907, such facts
should be considered by you in connection with all the facts
given in evidence in determining wherein lies the truth of the
controversy."

This was refused.   Nor was the subject referred to in any
manner in the instructions given.

We think that the requested instruction was peculiarly
appropriate to the evidence in the case.   Except for the non-
residence of the defendant the law would have conclusively
presumed payment by reason of the lapse of time.   Because of
the nonresidence the defendant was not entitled to this con-
clusive presumption.   But under the circumstances shown the
long silence of the plaintiff was very significant and clearly
warranted an inference by the triers of fact that the debt had
in some manner been satisfied.   It was clearly the right of the
defendant to have the attention of the jury directed to such
fact.   In the light of the long acquiescent conduct of all the
parties to the contract, the facts shown in support of the
defense are very persuasive.   It is not readily conceivable that
such a transaction could have been so completely forgotten by
all the parties in interest if it had not been closed in some

manner.   So far as appears the plaintiff never would have awakened to his cause of action were it not that in 1907 the Commercial Bank failed and went into bankruptcy.   This note was found among other old papers and was delivered to the plaintiff.   Thereupon he promptly drew on the defendant for $400 through a Chicago bank.   We think it clear that the defendant was entitled to the requested instruction and that its consideration by the jury was highly important to a just determination of the case.   We deem it unnecessary to consider other alleged errors.   Some of them are not supported by appropriate exceptions in the record and others are of such nature that they are not likely to arise upon another trial. For the error indicated the judgment below must be—*Reversed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.