## Maupin v. Baker et al.

May 28, 1946.

412

E. S. Wiggins for appellant.

George T. Ross for appellee.

OPINION OF THE COURT BY JUDGE SILER—Affirming.

The appellant, Mitchell Maupin, sued the appellees, J. M. Baker and others, doing business under the firm name of Madison Grocery Company, for damages for personal injuries and property loss in the total amount of $4416.35, resulting from a collision of motor vehicles.

The issues having been submitted to a jury under instructions given by the court, the following verdict was returned: "We the jury find that both plaintiff and defendant were negligent. (Signed) William Covington." Thereupon, the court entered judgment dismissing appellant's petition and there followed this appeal.

The grounds relied upon by appellant for a reversal of the judgment against him are that (1) Instruction Number 1 given by the court was erroneous and prejudicial to appellant's substantial rights and that (2) error was committed by the trial court in failing to admonish the jury against consideration of certain hearsay testimony after sustaining appellant's objection to such testimony.

The appellant, an elderly plumber and electrician of Richmond, started out in his car on January 16, 1945, to go someplace along the highway toward Irvine to do a job of wiring a house. The streets in Richmond were normal, but a few miles out toward Irvine, the highway became icy and slippery and this condition caused Maupin's car to skid off the highway and go through a fence and into a field. He shortly regained the road with his car, decided to head back toward Richmond, then stopped his car on a slight hill that ascended in the direction of

Richmond. On this hill or grade he got out of his car, possibly to inspect his car or the chains on his tires. He then stood up by the left side of his car and at someplace near the middle of the highway that sloped from the direction of Richmond towards the place where appellant and his car were standing. Upon seeing the truck of appellees as it approached at a distance of about 200 yards from the direction of Richmond, the appellant began to signal with his hand for the truck to stop. But the truck, which had also come from Richmond and which had a grocery cargo of four or five tons, continued in motion until it collided with the left side of appellant's car with the ultimate result that appellant suffered a broken leg, which caused his hospitalization for nearly two months with accompanying pain and suffering, in addition to the substantial demolishment of appellant's car.

As usual in cases of this kind, there were two opposing theories as to the efficient cause of this tragic result.

Appellant's theory was that his automobile was on its right hand side of the highway and that he too was standing on the right hand side of the highway beside his car; that the driver for appellees did not exercise ordinary care in coming down the sloping, slippery highway towards appellant upon that occasion; that the collision in question was the proximate result of the truck driver's failure to exercise such ordinary care.

Appellees' theory was that both appellant and his automobile were upon the truck's right hand half of the highway facing towards Irvine; that the truck's speed was not more than 20 miles per hour; that the truck driver was completely helpless to stop the truck before the collision, even though the truck driver exercised the greatest possible care; that their truck was on its own side as it descended the highway that sloped down towards appellant; that the locomotion of the truck was victimized into utter helplessness by icy conditions produced by the forces of nature; that appellant was not hit by the truck but that he fell down and broke his leg in his last minute attempt to get away from the impact of the impending collision.

The first error complained of is that the trial court's Instruction Number 1 was prejudicially erroneous. The criticized instruction as it was given by the court is as follows:

Instruction 1. "The Court instructs the jury that on the occasion of the accident in controversy, that it was the duty of both Jim Tevis, driver of the defendant's truck, and also plaintiff, as they approached each other, to exercise ordinary care to avoid a collision with said motor vehicles, and that duty included the following duties:

"(a) To have said respective motor vehicles under reasonable control:

"(b) Each to operate his motor vehicle at a rate of speed that was reasonable and proper, having regard for the traffic and weather conditions, and the use of the highway at the time and place;

"(c) To keep a look-out ahead for other persons and vehicles in front of him or so near thereto as to be in danger of collision; it was further the duty of the plaintiff to exercise ordinary care for his own safety and the safety of his automobile.

"Now if the jury believes from the evidence that the defendants' driver, Jim Tevis, was negligent in that he failed to perform some one or more of the duties required of him by this instruction, and as a proximate cause of such negligence, if any there was upon his part, the defendants' truck came into collision with plaintiff's automobile, or plaintiff himself, then you will find for the plaintiff on the claim, but unless you so believe from the evidence, or if you believe from the evidence as set out in instruction 2, then the law is for the defendants on the claim and you will so find."

Specifically, the appellant attacks the foregoing instruction on the ground that it is not consistent with the evidence of the case because it deals with the appellant's car as if it had been in active operation instead of in a stationary condition at the time of the accident. It is true that the instruction refers to both vehicles as if both were in active operation at the time of the accident, but after the duties of the drivers were set out under paragraphs a, b and c of the instruction, the last part of the instruction directed the jury only as to what should be the verdict if the jury believed the defendants' (appellees') driver, not this appellant, had violated some of those duties. Therefore, it appears to us that although this instruction may have been erroneous, yet it was not prejudicially erroneous, and our study of the full set of

all the instructions given by the trial court has convinced us that the issues and opposing theories of the parties were submitted in reasonable degree and in fair substance to the jury before the rendition of its verdict against appellant at the conclusion of the trial.

Each party to a suit has the right to have the jury so instructed as to present his theory and side of the case. Louisville & N. R. Co. v. McCoy, 177 Ky. 415, 420, 197 S. W. 801. We believe this right of this appellant was recognized, upheld and sustained by the trial court by its given instructions. And even though these instructions were admittedly in imperfect condition, yet they served, we believe, to present appellant's theory and side of the case without prejudice to his legal rights.

An error in a court's instructions must appear to have been prejudicial to the appellant's substantial rights or to have affected the merits of the case or to have misled the jury or to have brought about an unjust verdict in order to constitute sufficient ground for reversal of the judgment. See Stanley's Instructions to Juries, Sec. 44, page 60.

As to appellant's second assignment of error, to wit, the court's failure to admonish the jury against consideration of certain hearsay testimony to which appellant's objection had been sustained, it is to be noted that appellant made no motion for any admonishment to the jury. The court sustained appellant's objection and this was all that appellant requested at the time. If the jury did consider any part of the hearsay evidence, to which they heard appellant objecting and then heard the court sustaining such objection, we believe the effect of such hearsay evidence was entirely harmless and without influence upon the jury's final verdict. This hearsay evidence consisted of the data shown by a report of investigation made by the highway patrol authorities in relation to this accident and after its occurrence. According to our view the data contained in the report had no important bearing whatever upon this case and its outcome at the trial.

This court always has before it these words of Carroll's Kentucky Civil Code, Section 756, by which it must be guided in its opinions and decisions, to wit:

"Nor shall a judgment be reversed or modified, ex-

cept for an error to the prejudice of the substantial rights of the party complaining thereof."

We do not consider that any error that was committed on appellant's trial was such as to prejudice his substantial rights. He had the benefit of legal counsel, the right to present his evidence, the right to be heard, the full consideration of the case by a jury the appellant helped to select from his own county of Madison, and finally he had his motion and grounds for a new trial considered by the trial court. Under all these circumstances, we believe appellant has had his day in court and a fair trial of his cause and of all the issues it presented for determination.

Wherefore, seeing no harmful or prejudicial error committed in derogation of appellant's substantial rights, the trial court's judgment is now hereby affirmed