## ALASKA AIRLINES v. OSZMAN.

### No. 12231.

United States Court of Appeals
Ninth Circuit.

April 18, 1950.

Wendell P. Kay, Warren N. Cuddy, Anchorage, Alaska, for appellant.

J. L. McCarrey, Jr., Anchorage, Alaska, for appellee.

Before STEPHENS and HEALY, Circuit Judges, and GOODMAN, District Judge.

STEPHENS, Circuit Judge.

The appellant asks reversal of a money judgment against it because two of its proposed instructions were not given to the jury. Appellant's sole defense to the action is that the alleged indebtedness never existed. The rejected instructions were intended to point up appellant's claim that there were such unreasonable delays on the

part of appellee in making demands and in bringing suit for the sum of various amounts of money allegedly expended by appellee at appellant's request and for his benefit, that the jury should take note of them and the circumstances in arriving at its verdict.

It is of course true that the theories of parties to a court action should be given the jury by way of instructions or charge and this the court adequately did. But this does not mean that a party has the right to have the jury charged upon every inference it thinks should be drawn from the evidence adduced. The court charged the jury in an unimpeachable manner as to the issues in the case which amply covered the theory of the parties—on the one side that the indebtedness existed, on the other that it never had existence. The court exercised its discretion by choosing not to comment upon or to attempt to analyze the evidence and it told the jury to weigh the evidence and find its verdict therefrom. The rejected proposed instructions, if given would have called attention more to a particular point in the case than to appellant's theory of the case. We think the court was under no compulsion to do this.

The cases cited in appellant's brief do not support its view. Some of the cases cited hold that instructions given make testimony on a relevant issue ineffective, and therefore the holding constitutes reversible error. Such cases are Shadock v. Alpine Plank-Road Co., 1889, 79 Mich. 7, 44 N.W. 158; Greenleaf v. Birth, 1835, 9 Pet. 292, 34 U.S. 292, 9 L.Ed. 132; Ranney v. Barlow, 1884, 112 U.S. 207, 5 S.Ct. 104, 28 L.Ed. 662; and United States v. Messinger, 4 Cir., 1934, 68 F.2d 234. In some of the cases cited the judgment is reversed because the jury was charged that it could not consider unusual delay as a circumstance unfavorable to the plaintiff. Such a case is Walker v. Harvey, 3 Cir., 1901, 108 F. 741. Some of the cases cited hold that the instruction on a particular point must be given if requested where the point brings a principle into play which general instructions do not cover. Such a case is Stewart v. Sonneborn, 1878, 98 U.S. 187, 25 L.Ed. 116. Therein a re-

quested instruction which covered probable cause in a malicious prosecution action was erroneously rejected. Hubenthal v. Gibbons, 1915, 168 Iowa 630, 150 N.W. 1067, is a good example of this phase of the subject. Suit was instituted on a promissory note many years after the due date. The defendant claimed that he had paid it and that he had met plaintiff on business and for pleasure several times after payment and the debt was not mentioned. Refusal to give an instruction calling these facts to the jury's attention was held reversible error. Here a principle of law was required to be given the jury which the general instructions would not cover, to-wit: Where a debt once existed and for a considerable period after its due date circumstances occur in which some mention of it would likely be made if it remained unpaid, such circumstances constitute some evidence that the debt had been satisfied. Thus an affirmative act—satisfaction of the debt—could be inferred from circumstances which in themselves are wholly disassociated from any phase of the case.

In Paddock v. Mason, 1948, 187 Va. 809, 48 S.E.2d 199, the giving of a proposed instruction covering defendant's theory was held mandatory in an action on an employment contract where the defendant contended that the purpose of the employment had ceased to exist. Here, the principle of law came into the case that a contract of employment was at an end when the purpose of the employment came to an end. An analysis of Maupin v. Baker, 1946, 302 Ky. 441, 194 S.W.2d 991, will reveal the application of the same principle.

However, there are many cases in which it is held that the giving of an instruction on unreasonable delay is not error even where no new principle is injected. In such a case the matter is left to the discretion of the trial judge. Appellant's rule would practically replace the trial judge's discretion as to his commenting upon the evidence, with the mere desire of either party to the action.

This is not a complicated case and it went to the jury on uninvolved evidence and plain instructions. The matter of delay was one of the circumstances of the case bearing upon the simple issue: Were the alleged expenditures made? It would be rating a jury far too low in intelligence to question its ability to readily grasp the import of such circumstances without the assistance of a special instruction. And in addition to what we have said it is apparent that the implications of the delay could well have been and most probably were argued to the jury by appellant's counsel.

Affirmed.