
**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| MASHA MAXIM, | No. 11-17412 |
| Plaintiff-counter-defendant - Appellee, | D.C. No. 1:10-cv-00016 |
| v. | MEMORANDUM[*] |
| DENTAL CARE CORP; RODNEY STEWART; SCOT THOMPSON, | |
| Defendants-counter-claimants - Appellants. | |

Appeal from the United States District Court
for the District of the Northern Mariana Islands
Mark W. Bennett, District Judge, Presiding

Submitted October 8, 2013[**]
Honolulu, Hawaii

Before:  KOZINSKI, Chief Judge, and FISHER and WATFORD, Circuit Judges.

Defendants appeal the judgment in favor of the plaintiff on her claims for

breach of contract and discharge in violation of public policy.  We have

jurisdiction under 28 U.S.C. § 1291, and we affirm.

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

1.     We review the defendants' challenges to the jury instructions for plain error because the defendants did not object to the instructions in the district court. *See Hunter v. Cnty. of Sacramento*, 652 F.3d 1225, 1230 (9th Cir. 2011); Fed. R. Civ. P. 51(c)(1), (d)(2). Although the defendants proposed jury instructions that would have summarized their defenses and included substantial performance as an element of Dr. Maxim's breach of contract claim, they did nothing to place the district court on notice that they objected to omission of those matters from the court's proposed instructions. *See Hunter*, 652 F.3d at 1230.

2.     The district court did not plainly err by failing to give an instruction summarizing the defendants' proposed defenses to Dr. Maxim's claims. Although the defendants rely on Ninth Circuit Model Civil Jury Instruction 1.2, that instruction covers only affirmative defenses. The defendants' contention that Dr. Maxim quit her job is not an affirmative defense but an attempt to prevent her from proving her prima facie case. *See Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002) ("A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense."); *see also Alaska Airlines v. Oszman*, 181 F.2d 353, 353 (9th Cir. 1950) ("It is of course true that the theories of parties to a court action should be given the jury by way of instructions or charge .

2

. . . But this does not mean that a party has the right to have the jury charged upon every inference it thinks should be drawn from the evidence adduced.").

3.      The district court did not plainly err by declining to list Dr. Maxim's substantial performance as an element in the court's breach of contract instruction. Even assuming substantial performance is an element under CNMI law, as the defendants contend, it is not plain error to omit it from jury instructions when, as here, it has not been made an issue in the case.  For example, Judicial Council of California Civil Jury Instruction (CACI) 2420, upon which the defendants based their proposed breach of contract instruction, states that this element "may be deleted if substantial performance is not an issue."  We have found nothing in the pretrial order or in the defendants' communications with the district court that advised the court that the defendants considered Dr. Maxim's substantial performance an issue in this case.

**AFFIRMED.**

3