246 P.2d 1050

**POULIOT et al. v. BOX.**

No. 5517.

Supreme Court of New Mexico.

July 31, 1952.

W. T. O'Sullivan, Albuquerque, for appellants.

Simms, Modrall, Seymour & Simms and James E. Sperling, Albuquerque, for appellee.

COMPTON, Justice.

Appellants instituted this action against appellee for damages allegedly resulting from the negligent operation of an automobile by appellee's minor son. The son's negligence was put in issue by a general denial. Contributory negligence is also pleaded as a defense.

568

A motion for summary judgent was interposed and based upon the affidavits and depositions filed in the cause and the testimony of appellee and his wife, the court entered judgment in favor of appellee from which this appeal is taken.

Summarizing the undisputed evidence, it appears that Steven A. Box, Jr., the operator of the vehicle in question, at the time of the accident, was of the age of 17 years, living with and supported by his parents. He was quite thrifty and from his earnings, augmented by various gifts, he had accumulated sufficient funds to make the purchase of a Ford coupe, the vehicle involved. He attended the public school in Albuquerque and was permitted by his parents to use the vehicle for transportation to and from school, his place of employment, as well as for his own pleasure and recreation. Its upkeep also was paid out of his earnings.

The "family purpose" doctrine is followed in this jurisdiction. It was approved in Boes v. Howell, 24 N.M. 142, 173 P. 966, L.R.A.1918F, 288, and again in Stevens v. Van Deusen, 56 N.M. 128, 241 P.2d 331. Appellee contends, however, that the doctrine is inapplicable since the vehicle involved was the property of the minor son. This contention is without weight. Parents, by statute, are entitled to the custody, control and *earnings* of their minor children. The pertinent statute, Section 35–102, 1941 Compilation, reads:

"The parents of a minor shall have equal powers, rights and duties concerning the minor. The mother shall be as fully entitled as the father to the custody, control and earnings of their minor child or children. In case the father and mother live apart the court may, for good reasons, award the custody and education of their minor child or children to either parent or to some other person."

In Stevens v. Van Deusen, supra, we quoted with approval Robinson v. Ebert, 180 Wash. 387, 39 P.2d 992, 995, wherein that court held:

"Whether a parent gives to an unemancipated minor child an automobile with permission to use the same, or whether he gives the child the money with which to buy an automobile, or whether he permits the child to purchase a car with money given the minor by some one else or earned by him, would, under circumstances similar to those here shown, appear to make little difference as to the question of whether or not the parents' responsibility constitutes a question of fact to be determined by the jury. * * *"

We conclude summary judgment was erroneously granted. The status of

the minor, whether emancipated, is a question of fact and cannot be decided as a question of law. Negligence and contributory negligence are likewise issuable.

■ Since the case must stand for further consideration, another point merits notice. Appellants claim they were denied a trial by jury. On May 13, 1950, after issue was joined, appellee filed a notice with the clerk of the court directed to appellants and their attorney of record, which reads:

"Pursuant to the provisions of Rule 38 of the New Mexico Rules of Civil Procedure, you are required to elect, within ten days after the receipt hereof, whether you demand a jury trial of this cause and to file such Notice of Election or your Waiver of a Jury Trial with the Clerk of the District Court of Bernalillo County, New Mexico."

Rule 38, our Rules of Civil Procedure, Section 19–101, (38) (b), 1941 Compilation, in part reads:

"(1) At any time after issue, in any cause where the parties are entitled to a jury trial, as a matter of right, and where either party desires to try said cause to the court without a jury, such party may file in the office of the clerk and serve upon the attorney for the opposite party a writ-ten notice to that effect and within ten (10) days thereafter, the opposite party shall be required to elect whether he demands a jury trial or is willing to try said cause before the court without a jury, filing a copy of such election in the office of the clerk of the district court and serving a copy upon the attorney for the opposite party. In event the opposite party so served with notice shall elect to waive trial by jury, the case shall thereupon stand for trial upon the nonjury docket to be thereafter called up for trial in due course. * * *"

Appellants did not treat the notice as a waiver of a jury by appellee, and on September 30, 1950, made a written demand for a jury. Thereafter, on January 8, 1951, the trial court being of the opinion that the notice filed by appellee effectively waived a jury, entered an order denying appellants' demand as being untimely. We think the court committed error in this regard. Before a party may call upon his adversary to file an election as to whether he demands a jury trial, he must first affirmatively waive a jury by filing with the clerk of the court *a written notice to that effect*. Clearly, the notice given by appellee did not inform appellants that a jury had been waived by him.

The judgment will be reversed and the cause remanded with directions to the trial

court to enter an order reinstating the case upon its docket and proceed in a manner not inconsistent herewith. And It Is So Ordered.

LUJAN, C. J., and SADLER, Mc-GHEE, and COORS, JJ., concur.