LILLIAN PETERSON, appellee, v. UNION MOTOR SALES COMPANY et al., appellees; ERNEST PAUL BOAT, appellant.

No. 48524.

(Reported in 66 N.W.2d 496)

OCTOBER 19, 1954.

Bradshaw, Fowler, Proctor & Fairgrave, of Des Moines, for appellant.

Evans, Duncan, Jones, Hughes & Riley, of Des Moines, for appellee Lillian Peterson.

Hoffman & Hoffman, of Des Moines, for appellees Union Motor Sales Company and Otto Bremhorst.

OLIVER, J.—This case involves a collision between automobiles in a street intersection. Defendant appellee Bremhorst was service manager for defendant appellee Union Motor Sales Company which was repairing and adjusting plaintiff's Studebaker automobile. To check the car and adjust a compass installed therein, Bremhorst drove it upon the streets of Des Moines. Plaintiff rode in the car. A Lincoln automobile, owned and operated by defendant Boat, collided with it. Plaintiff was seriously injured. This action, brought by her against the three defendants, was tried to a jury and resulted in judgment for

plaintiff against defendant Boat and judgment for the other two defendants against plaintiff. Defendant Boat alone has appealed.

Watrous Avenue, a paved street twenty feet wide, which runs east and west, intersects Fleur Drive, a paved through highway which there runs north and south and is fifty feet wide with four lanes of travel. Plaintiff's Studebaker entered this intersection on Watrous Avenue from the west and was turning north (left) on Fleur Drive when it was struck on the right side by the Lincoln car of appellant Boat which was traveling north on Fleur Drive.

I. The jury was instructed that before she could recover against appellant, plaintiff must establish, among other things, that both plaintiff and defendant Bremhorst were free from any negligence which contributed to her injury. Appellant had moved for a directed verdict on the grounds: (1) Plaintiff was guilty of contributory negligence as a matter of law and had failed to establish her freedom therefrom, and (2) Bremhorst was guilty of contributory negligence as a matter of law, which negligence was imputed to plaintiff. See In re Estate of Green, 224 Iowa 1268, 278 N.W. 285.

Appellant assigns as error the overruling of each ground of the motion. In considering this assignment of error the evidence should be viewed in the light most favorable to plaintiff. There was evidence Bremhorst had stopped the Studebaker, headed east on Watrous Avenue, some feet west of the Fleur Drive stop sign; he then drove up to the stop sign and looked to the right (south) and to the left (north). He saw nothing approaching but because his view to the north was partially obstructed by a shed or tool house, he drove forward several feet upon the Fleur Drive pavement and again looked to the right and to the left. He saw no cars approaching and continued into the intersection northeasterly at about five to ten miles per hour. When the Studebaker was almost across the center line of Fleur Drive it was struck by appellant's Lincoln.

Appellant contends the Lincoln car was in plain sight of Bremhorst and he was negligent in failing to see it. However,

1340

the accident happened at dusk and there was evidence the Lincoln car was black in color, was unlighted and was not readily visible against a background formed by a low line of dark clouds to the south. A patrolman referred to the atmospheric condition as "dusk or nightfall with darkness."

The driver of an automobile which was preparing to enter the intersection from the east testified he saw the Studebaker go into the intersection. At about that time this witness had looked south along Fleur Drive but did not see the Lincoln. He testified he might easily have missed it, under the conditions above-noted. He first saw it when it was only about forty feet from the place of impact. Its front end was dipped down and its tires screeched as its brakes were applied and its speed was being reduced. It was even then exceeding the statutory speed limit (in a suburban district) of forty-five miles per hour. Appellant testified he applied the brakes 150 or 200 feet from the intersection. Marks on the pavement indicated the tires of the Lincoln car had skidded 105 feet before it crashed into the Studebaker.

The record shows a car moving north on Fleur Drive would come over a rise and first be visible, under normal conditions, about 456 feet south of the intersection. A car traveling at a high rate of speed would cover this distance in a few seconds. Bremhorst had the right to assume, until he knew or should have known to the contrary, that cars traveling north to the intersection would comply with the statutory speed limit of forty-five miles per hour. Hutchins v. LaBarre, 242 Iowa 515, 524, 47 N.W.2d 269.

The record would justify a finding the Lincoln car was not visible to Bremhorst at the times he looked south down Fleur Drive, because of atmospheric conditions or because of the topography of the terrain. Rhinehart v. Shambaugh, 230 Iowa 788, 298 N.W. 876; Hinrichs v. Mengel, 228 Iowa 1124, 293 N.W. 452; Hutchins v. LaBarre, 242 Iowa 515, 522, 47 N.W.2d 269; Lathrop v. Knight, 230 Iowa 272, 275, 297 N.W. 291.

In Martin v. Reibel, 227 Minn. 106, 109, 34 N.W.2d 290, 292, the situation was somewhat similar to that here. There, plaintiff stopped preparatory to entering the intersection, looked to his right but saw nothing approaching within

500 feet, at which place the highway dipped. The court said: "Are we under the circumstances to hold that he was negligent in not seeing the taxicab? Obviously not. The look-and-not-see-*that-which-is-in-plain-sight* rule, as applied to a motorist who has made observations preparatory to entering an intersection, *must always be tempered with a consideration of surrounding circumstances* which may have obscured or interfered with his vision." Hence, it cannot be said Bremhorst was necessarily guilty of contributory negligence in driving the Studebaker upon the intersection, in the manner shown in the record or in failing to see appellant's Lincoln car.

■ What has been said concerning appellant's contention Bremhorst was guilty of contributory negligence as a matter of law is applicable also to a like contention concerning the conduct of plaintiff. Although her recollection of having looked in both directions at the intersection was not positive we hold it was not insufficient as a matter of law, when considered in connection with her injuries which rendered her unconscious for many hours after the accident.

That is not to say her failure to keep a lookout at all times would have constituted contributory negligence as a matter of law. The standard of duty of an occupant of an automobile is the same as that of a driver, that is, to exercise ordinary care, but the conduct required to fulfill that duty is usually different, because the circumstances are different. Here plaintiff's car was driven by an experienced automobile mechanic. Plaintiff testified: "I relied on Otto Bremhorst to operate the car and I did not exert any control over it. * * * he was within the speed limit and he seemed to use care." Under the circumstances the question of plaintiff's contributory negligence was for the jury.

■ II. Appellant complains of an instruction given the jury that the law requires every motor vehicle upon a highway to display lighted lamps and illuminating devices at certain periods between sunset and sunrise and at other times "when there is not sufficient light to render clearly discernible persons and vehicles on the highway at a distance of five hundred feet ahead" etc. (Paragraph 1 of section 321.384, Code of Iowa, 1950, 1954.) It is contended there was no factual evidence

1342

justifying the submission of this pleaded ground of negligence. This contention is without merit. There was substantial evidence it was "dusk", "dusk or nightfall with darkness", "pretty dark", etc. Hence, the instruction was proper.

■ III. Error is assigned to part of instruction 11, which was based upon section 321.321, Code of Iowa, 1950, 1954, entitled, "Entering through highways." One objection is that "under this instruction, the jury could find for the plaintiff as against defendant Boat, although the jury might find that neither the plaintiff nor her driver made any observations after having left the stop sign." Appellant is in error as to the contents of this instruction. It referred only to Bremhorst, the driver of the vehicle, and not to plaintiff. As to Bremhorst the point was adequately covered in instruction 7, which stated in part: "The driver is not necessarily required to look constantly from side to side in observing whether other vehicles are approaching from the intersecting highway, but is required to make such observation at such times and places as due care demands, including observations to the right when entering an arterial or through highway." Appellant does not contend instruction 7 was erroneous.

Appellant contends also instruction 11 would permit a finding the Lincoln car was in sight of Bremhorst. That would accord with appellant's contentions throughout the trial and appeal. Whether or not the language of this portion of the instruction was strictly correct, it was not unfavorable to appellant.

No reversible error appears here.—Affirmed.

All JUSTICES concur.