[No. 36017.   Department One.   May 22, 1962.]

RICHARD J. MENARD, *Respondent*, v. EDITH FERGUSON *et al.,*
*Appellants.**

*Lycette, Diamond & Sylvester,* and *Martin L. Wolf,* for
appellants.

*Richard C. Shanks,* for respondent.

*Reported in 371 P. (2d) 629.

FOSTER, J.—Appellants, defendants below,[1] in an automobile collision case, appeal from a judgment on the verdict in favor of respondent, plaintiff below.

The mishap occurred at approximately four-thirty on a mid-December afternoon as respondent was emerging from a private driveway onto an arterial street. Three hundred feet to his left, appellant's car was stopped at a street intersection waiting for the traffic control signal light to clear so that she could proceed. Because he could not turn in the desired direction without crossing the center line of the street, respondent stopped his vehicle in the street while traffic in the opposite lane passed. While respondent was so stopped, appellant struck his vehicle while she was attempting to get around it.

Two of the four assignments of error raise the single issue as to whether appellant was entitled to a directed verdict because of the claimed contributory negligence of respondent. Upon this point the evidence was in dispute and was for the jury to decide.

The claim is that respondent was contributorily negligent as a matter of law for not backing into the driveway when respondent observed appellant's car. But this overlooks the fact that when respondent first saw appellant's vehicle, it was stopped at the intersection waiting for the traffic control light to clear. At that time, respondent was unable to foretell which way appellant would turn, or if she would drive forward. Appellant driver saw respondent's vehicle. The streets were dry. She claimed a speed of twenty-five miles per hour, or less. Appellant did not attempt to stop, but, instead, tried to get around respondent's vehicle which was stopped and in plain view of appellant during the interval after passing the traffic signal light and the time of the collision. Respondent's contributory negligence, if any, was for the jury to decide. Certainly no court could hold as a matter of law that the respondent was contributorily negligent. The jury was entitled to conclude,

---

[1] Although both Mr. and Mrs. Ferguson were sued, Mrs. Ferguson was the driver.

and apparently did, that respondent's conduct conformed to acceptable standards of reasonable care.

■ Appellant claims error because the court instructed on last-clear chance. The law is plain that the doctrine applies if appellant driver saw respondent's stationary vehicle. While the evidence on this point is in dispute, there is both direct and circumstantial proof that appellant did see it in time to have avoided the accident. There is no error in this respect.

■ The final claim is that the court erred in instructing respecting the statutory requirement of automobile headlights. Appellant herself testified that she did not know the condition of her lights. The distance which a headlight must illuminate the road is fixed by law. This the jury was entitled to know, because the proofs involved questions of distance from which respondent's vehicle was visible to appellant. No claim is made that the instruction is wrong, but only that it is inapplicable. We decide otherwise, but, in any event, no prejudice is shown.

Affirmed.

FINLEY, C. J., HILL, WEAVER, and ROSELLINI, JJ., concur.