483 P.2d 505

**Nathana GOODMAN, individually and as next friend of Sheila Taylor, a minor, and Sheila Taylor, individually, Plaintiffs-Appellants,**

v.

**C. V. VENABLE and Susan Ann Venable, Defendants-Appellees.**

No. 542.

Court of Appeals of New Mexico.
March 26, 1971.

David L. Norvell, Clovis, for plaintiffs-appellants.

Stuart D. Shanor, Hinkle, Bondurant, Cox & Eaton, Roswell, for defendants-appellees.

## OPINION

HENDLEY, Judge.

Plaintiffs appeal an adverse jury verdict on two grounds which relate to (1) the court's refusal of a tendered instruction on presumption of knowledge of a defective condition, and (2) the giving of an instruction on unavoidable accident.

We affirm.

Defendant, Susan Venable, drove her father's car to school. The brakes were functioning normally. Susan and a friend left school and drove to a restaurant for lunch. Susan noticed the brakes had to be depressed a little further than normal to stop the vehicle, although the stopping distance was still normal. At the end of the school day Susan returned to her car to drive home. Before leaving the parking area she had one occasion to try the brakes. She testified: "They weren't working normally. They weren't bad but they would stop." Susan pulled out of the school parking lot and onto the street at a speed of 10 to 15 miles per hour. Susan observed plaintiff's, Sheila Taylor's, car stopping and when Susan was about three car lengths from the rear of Sheila's car, she applied her brake. The brake pedal went to the floor without any apparent effect on stopping the car. Susan's car then rear-ended Sheila's car. Susan stated she had no advance warning that the brakes would completely fail.

Mr. Reeves, an auto mechanic since 1924 and with considerable experience in the repair of hydraulic brake systems, testified that one of the brake lines had ruptured and that "you lose all of your brakes with a rupture like that." An inference from Mr. Reeves' testimony is that the accident would not have caused the rupture. Mr. Reeves stated that in all of his experience this was the second time he had knowledge of a ruptured brake line.

*Presumption of Knowledge of a Defective Condition.*

Plaintiffs contend the trial court erred in refusing to give their Requested Instruction No. 2 which states:

"It is presumed that an owner of an automobile knows and knew, prior to the time and occurrence in question, of the defective condition of the automobile brakes of the automobile owned by him,

and the burden of proof is on said owner to prove any lack of knowledge."

Plaintiffs assert that § 64–20–41, N.M. S.A.1953 (Repl. Vol. 9, pt. 2, Supp.1969) spells out the law in New Mexico with regard to the maintenance of brakes and stopping distances. Plaintiffs cite Ferran v. Jacquez, 68 N.M. 367, 362 P.2d 519 (1961) for the proposition that the owner is presumed to have knowledge of a defective condition of his brakes.

Plaintiffs' statement of *Ferran* is incomplete. *Ferran* goes on to say that once the plaintiff has shown the statutory violation, that the violation is sufficient evidence to defeat a motion for a directed verdict and defendant then has the burden of coming forward and showing lack of knowledge of the defective condition as a reasonable man which would relieve him of the responsibility placed upon him by the statute.

This is exactly what the trial court did when it gave U.J.I. 11.2. The instruction not only explained the statutes involved (two parts of § 64–20–41, supra) but also sets forth how they were to be applied and the consequences thereof. Those portions were as follows:

"If you find from the evidence that the Defendant conducted herself in violation of either of these statutes, you are instructed that such conduct constituted negligence as a matter of law, unless you further find that such violation was excusable or justifiable.

"To legally justify or excuse a violation the violator must sustain the burden of showing that he did that which might reasonably be expected of a person of ordinary prudence acting under similar circumstances who desires to comply with the law."

The requested instruction was incomplete and therefore an incorrect statement of the law and insofar as it was correct it was repetitious. It is not error to refuse instructions which are incomplete, erroneous or repetitious. Lopez v. Maes, 81 N.M. 693, 472 P.2d 658 (Ct.App.1970), cert. denied 81 N.M. 721, 472 P.2d 984 (1970); Garcia v. Barber's Supermarkets, Inc., 81 N.M. 92, 463 P.2d 516 (Ct.App. 1970).

*Unavoidable Accident.*

■ Plaintiffs contend that the giving of the instruction on unavoidable accident (U.J.I. 13.9) was error. Plaintiffs rely on Horrocks v. Rounds, 70 N.M. 73, 370 P.2d 799 (1962) for the proposition that not every vehicle accident case warrants giving an instruction on unavoidable accident. There should be a genuine basis for the instruction, such as "unpreventable mechanical failure" and "such must be coupled with circumstances which present a fair issue of whether this failure of the driver to anticipate or sooner guard against the danger or to avoid it, is consistent with a conclusion of the exercise of his due care."

The evidence is such that we could not reasonably conclude, as a matter of law, that there was not an "unpreventable mechanical failure" which the driver could not reasonably anticipate or guard against or avoid it consistent with a conclusion of due care.

Defendants having presented evidence on unavoidable accident were entitled to an instruction supporting their theory of the case. Boyd v. Cleveland, 81 N.M. 732, 472 P.2d 995 (Ct.App.1970).

Affirmed.

It is so ordered.

SPIESS, C. J., and WOOD, J., concur.