491 P.2d 524

Debbie PETERS, a Minor and Helen Peters, Her Mother, Petitioners,

v.

Gregory Ronald LeDOUX, a Minor by Mary Gallegos, as Guardian and Next Friend, Respondents.

No. 9278.

Supreme Court of New Mexico.

Dec. 6, 1971.

Leon Karelitz, Las Vegas, for petitioners.

Duran, Pearlman & Short, Albuquerque, for respondents.

OPINION

OMAN, Justice.

The New Mexico Court of Appeals affirmed a judgment of the trial court in favor of plaintiffs against both defendants. LeDoux v. Peters, 82 N.M. 661, 486 P.2d 70 (1971). The case is now before us on certiorari. We affirm the results reached by both the trial court and the Court of Appeals, but disagree with some of the appraisals and conclusions of the Court of Appeals as to the New Mexico law on the family purpose doctrine.

We consider only the second issue raised by defendant, Helen Peters, hereinafter referred to as defendant, under her first point relied upon for reversal, and the disposition thereof by the Court of Appeals. Her contention is that: "The burden is on the party asserting the applicability of the family purpose doctrine to prove that a motor vehicle is maintained by the owner for the general use and convenience of his family." The Court of Appeals held this contention was " * * * not in line with New Mexico decisions."

The facts bearing upon this issue are set forth in the opinion by the Court of Appeals.

■ We are unable to say these facts failed to substantially support the claim that defendant maintained the vehicle for the general use and convenience of her family. Thus, we agree with the trial court's conclusion that plaintiff should recover from defendant under the family purpose doctrine.

The opinion of the Court of Appeals, that defendant's contention is inconsistent with New Mexico decisions, is first predicated upon the assertion that the decisions in Pouliot v. Box, 56 N.M. 566, 246 P.2d 1050 (1952) and Stevens v. Van Deusen, 56 N.M. 128, 241 P.2d 331 (1951), " * * held heads of families liable under the doctrine when they did not own the automobile in question, and when the vehicle was not maintained for the general use and convenience of the family. * * * "

The ownership of the vehicle in the case now before us is not in question, as shown by the facts recited in the Court of Appeals opinion. Consequently, even if the Pouliot and Stevens cases had held the heads of families liable under the family purpose doctrine, although they did not own the vehicles in question, this holding still would have no significance in the present case. In the present case defendant unquestionably owned the vehicle driven by her daughter. However, this court in neither the Pouliot nor the Stevens case said the automobile in question was not owned by the parent, nor did it say the automobile was owned by the minor child. In both cases it is clearly suggested that under New Mexico statutes the parent may in fact have been the owner. In neither case was the question of ownership decided, and the decision in neither turned upon this question. Both cases involved the reversal of summary judgments, and both, insofar as pertinent to the question now before us is concerned, stated that the status of the minor, whether emancipated, is a question of fact and cannot be decided as a matter of law.

Insofar as the question of ownership is concerned, this court in Boes v. Howell, 24 N.M. 142, 148, 173 P. 966 (1918), in announcing it agreed with the view expressed by the Washington court in the case of Birch v. Abercrombie, 74 Wash. 486, 133 P. 1020 (1913), quoted the following from the opinion in the Washington case:

" ' * * * It seems too plain for cavil that a father, who furnishes a vehicle for the customary conveyance of the members of his family makes their conveyance by that vehicle his affair—that is, his business—and any one driving the vehicle for that purpose with his consent, express or implied, whether a member of his family or another is his agent. * * *' "

Elsewhere in the opinion of this court in the Boes case reference is made to

" ' * * * one who keeps an automobile for the pleasure and convenience of himself and his family * * * ' " to " '[t]he owner of an automobile who maintains it for the general use of his family * * * ' " and to " ' * * * he [who] purchased and kept ' the automobile for the use of his family.' "

' In the Pouliot and Stevens cases the court quoted the following with approval from Robinson v. Ebert, 180 Wash. 387, 39. P.2d 992, 995 (1935):

> " 'Whether a parent gives to an unemancipated minor child an automobile with permission to use the same, or whether he gives the child the money with which to buy an automobile, or whether he permits the child to purchase a car with money given the minor by some one else or earned by him, would, under circumstances similar to those here shown, appear to make little difference as to the question of whether or not the parents' responsibility constitutes a question of fact to be determined by the jury. * * * ' "

These expressions would seem to indicate that ownership, in the sense of being the holder of title to the automobile, is not essential to liability under the family purpose doctrine. Accord, Lopez v. Barreras, 77 N.M. 52, 419 P.2d 251 (1966). However, as already stated, the question of ownership is not in dispute in this case.

The Court of Appeals next states the Pouliot and Stevens cases held liability could be imposed under the family purpose doctrine " * * * when the vehicle was not maintained for the general use and convenience of the family * * *." We fail to find anything in the opinion in either of these cases which could properly be so construed. In each case a minor child had purchased and apparently was paying the upkeep on the vehicle involved. However, in view of the nature of the cases and the stated issue upon which the summary judgments were reversed, we are unable to equate any language by this court in either opinion with the statement that under the family purpose doctrine, as developed in New Mexico, liability is not dependent upon the maintenance of the vehicle for the general use and convenience of the family.

This court in Boes v. Howell, supra, expressed this element of the family purpose doctrine in the following language:

> " ' * * * who furnishes a vehicle for the customary conveyance of the members of his family * * * ' "

> " ' * * * he [who] purchased and kept the automobile for the use of his family.' "

> " 'The owner of an automobile who maintains it for the general use of his family * * * ' "

> " 'One who keeps an automobile for the pleasure and convenience of himself and his family * * * ' "

This court, by Order No. 8000 Miscellaneous, dated May 5, 1966, approved the jury instructions prepared by the New Mexico Supreme Court Advisory Committee on Uniform Jury Instructions. The instruction on the family purpose doctrine appears as U.J.I. 4.9 and, together with the directions for use, is as follows:

> "If a motor vehicle is maintained by the owner for the general use and convenience of his family, then the owner is liable for the negligence of a member of the family, (whether he be a minor or an adult), having authority to drive the motor vehicle and while it is being used for the pleasure or convenience of the family or a member of it.

> "(This rule applies even though the motor vehicle was purchased by or registered in the name of a minor child or where the expense is paid by such minor child, so long as that child is a member of the household and under the general care and control of the head of the family).

**310**

"This instruction is not to be used if a member of the family took the vehicle contrary to instructions.

"The last paragraph is to be used only when there is an issue relative thereto.

"Naturally, the instruction is not to be used if there is no issue."

■ The committee comment, which has not been quoted but which follows immediately after the quoted Directions for Use, clearly indicates that the committee considered and drafted the quoted instruction from its understanding of the decisions in Boes v. Howell, supra; Stevens v. Van Deusen, supra; Pouliot v. Box, supra; Burkhart v. Corn, 59 N.M. 343, 284 P.2d 226 (1955). By its approval of the instruction, this court approved this understanding, and we are still of the opinion that the committee and this court correctly understood and defined the family purpose doctrine in U.J.I. 4.9 as that doctrine has been explained and applied in the stated cases, excepting as to the requirement of ownership. The maintenance of the vehicle " * * * for the general use and convenience of [the] family, * * * *" is essential to liability under the doctrine. Accord, Daniel v. Patrick, 333 S.W.2d 504 (Ky.1960); Coffman v. Mc-Fadden, 68 Wash.2d 954, 416 P.2d 99 (1966).

The Court of Appeals further relied upon what it calls a presumption of agency arising from a child's use of the parent's vehicle as announced in Burkhart v. Corn, supra. In that case, after detailing the evidence as to the purposes for which the vehicle was maintained and the purposes for and the extent of the use thereof by the child, the court stated:

" * * * we think this evidence alone establishes a prima facie case of liabil-

ity under the family purpose doctrine. The burden was then upon the parents to overcome the presumption of agency arising from such ownership and use. * * * *"

" * * * *

" * * * In any event the truth of any rebutting evidence purporting to disprove the inference of agency thus created was for the trier of the facts."

It is apparent from a reading of the evidentiary facts recited in the opinion that the uses made of the vehicle amounted to a general use thereof for the convenience of the family. Thus, this court properly concluded this evidence sufficient to establish a prima facie case of liability under the family purpose doctrine.

Although the terms "presumption" and "inference" were used in the opinion in the Burkhart case, they were not used in the sense or given the effect which the Court of Appeals would now give them. The Court of Appeals, in effect, says after it had been made to appear that defendant owned the vehicle and had given her daughter permission to drive it, nothing more was required to establish a prima facie case under the family purpose doctrine. This is not supported by the decisions of this court, but is inconsistent therewith and with U.J.I. 4.9 quoted above.

The opinion and order of the Court of Appeals, insofar as they affirm the judgment of the trial court, are hereby affirmed, but insofar as the opinion is inconsistent herewith it is repudiated and disaffirmed.

It is so ordered.

COMPTON, C. J., and McMANUS, STEPHENSON and MONTOYA, JJ., concur.