509 P.2d 1345

**Vera MAY, Plaintiff-Appellant,**

**v.**

**Christine BAKLINI and Edward Baklini, Defendants-Appellees.**

**No. 994,**

Court of Appeals of New Mexico.

March 16, 1973.

Rehearing Denied April 6, 1973.

Certiorari Denied May 14, 1973.

**151**

OPINION

WOOD, Chief Judge.

The jury verdict was for defendants in this two-car collision case. Plaintiff's appeal raises issues as to: (1) summary judgment on the basis of defendants' negligence; (2) instructions on turn signals, obstruction of traffic and contributory negligence; and (3) refusal to instruct concerning road lighting equipment.

Both vehicles were going east, during darkness, on Candelaria Road in Albuquerque. Defendants' vehicle ran into the left rear of plaintiff's vehicle.

A frontage road, south of and adjacent to Candelaria, is separated from Candelaria by a divider. There are periodic openings in the divider. Plaintiff intended to turn right off of Candelaria when she came to the opening in the divider at Carolina Street. Her theory is that her car was hit as she made this turn. Defendants' theory is that the collision occurred east of the divider opening. There is evidence to support both theories.

*Summary judgment as to defendants' negligence.*

Plaintiff moved for summary judgment on the issue of defendants' *liability*. In claiming denial of the motion was error, she argues that she was entitled to summary judgment on the issue of defendants' *negligence*.

▇ Plaintiff's theory of defendants' liability was that defendants' negligence was the proximate cause of the accident. Negligence and proximate cause are separate concepts. N.M. U.J.I. 12.10; Fitzgerald v. Valdez, 77 N.M. 769, 427 P.2d 655 (1967); Isaac v. Seguritan, 66 N.M. 410, 349 P.2d 126 (1960).

▇ Assuming plaintiff made a prima facie showing of defendants' negligence, this was insufficient. A showing of proximate cause was also required. There being neither showing nor argument as to proximate cause, the trial court did not err in

William H. Carpenter, Mercer & Carpenter, Albuquerque, for plaintiff-appellant.

Eugene E. Klecan, Albuquerque, for defendants-appellees.

denying summary judgment on the issue of liability. See Goodman v. Brock, 83 N.M. 789, 498 P.2d 676 (1972).

### Instruction on turn signals.

There is evidence that plaintiff was in the process of turning her car when the accident occurred. The jury was instructed on the turn signal requirements of § 64–18–24, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2), and the effect of violating the statute, N.M. U.J.I. 11.1. Objecting to the instruction, plaintiff asserted there was no evidence of an absence of proper turn signals; that all the evidence was that the signals were on and operating. Thus, she contends the instruction interjected a false issue into the case. Embrey v. Galentin, 76 N.M. 719, 418 P.2d 62 (1966).

■ There is evidence that the turn signals on plaintiff's car were on and operating. There is an inference that the signals had operated for the distance required by § 64–18–24, supra. Christine Baklini, the driver of defendants' car, testified there was a "possibility" that the signals were not on. Such a possibility is no more than speculation which would not be a sufficient basis for the instruction. Elder v. Marvel Roofing Co., 74 N.M. 357, 393 P.2d 463 (1964).

■ Christine Baklini also testified: ". . . I didn't see the other car, I was coming down Candelaria. I had my head forward, I was watching the road, and I didn't see her. I didn't see anything." If a person is looking and does not see, a reasonable inference follows that the signals were not on. Turner v. McGee, 68 N.M. 191, 360 P.2d 383 (1961). The inference from the above quoted testimony is that the turn signals were not on. On the basis of this inference, the instruction was proper.

### Instruction on obstructing traffic.

The jury was instructed that an Albuquerque ordinance makes it unlawful ". . . to operate or to stand a vehicle on any public way in such manner as to obstruct the free use of such public way."

■ Plaintiff contends the ordinance cannot be considered to apply to "slow-speed" because if so considered it would be invalid on the basis it conflicts with a State statute, § 64–18–49, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2). See City of Hobbs v. Biswell, 81 N.M. 778, 473 P.2d 917 (Ct.App.1970). We do not consider a possible conflict between the ordinance and the statute because no such contention was raised in the trial court. Tafoya v. Whitson, 83 N.M. 23, 487 P.2d 1093 (Ct.App. 1971). What we do consider is plaintiff's objection to the instruction—that there was no evidence that plaintiff's vehicle was operated or stood so as to obstruct free use of the public way.

■ There is evidence that plaintiff's passenger was directing the plaintiff; telling plaintiff where to turn. There is evidence that plaintiff's car slowed when plaintiff came to California Street, west of Carolina. There is evidence that plaintiff and her passenger were looking for the street signs and continued at a reduced speed from California to Carolina. Plaintiff testified: ". . . when we got ready to slow down to make the turn, we weren't going." The evidence permits a reasonable inference that the accident did not occur at the opening in the divider at Carolina Street, but east of that opening. The jury could conclude from the foregoing that plaintiff either stopped or, proceeding slowly, started to turn after passing the opening in the divider.

The evidence referred to above raised a factual question as to whether plaintiff's vehicle was obstructing free use of Candelaria. Lafferty v. Wattle, 349 S.W.2d 519 (Mo.App.1961); see Jacobsen v. Hala, 255 Iowa 918, 125 N.W.2d 500 (1963); Aanenson v. Engelson, 267 Minn. 1, 124 N.W.2d 360 (1963).

■ Plaintiff asserts the evidence is insufficient because Candelaria has four lanes for traffic and there were no other

cars in the vicinity when the accident occurred. She asserts that under the evidence, at most, she could have been obstructing only one lane. We disagree. Other traffic in the vicinity is not necessary to raise a factual question as to plaintiff's obstruction. Lafferty v. Wattle, supra.

*Instruction on contributory negligence.*

Plaintiff objected to the instruction on contributory negligence, asserting there was no substantial evidence on that issue. We disagree.

 Contributory negligence embraces two concepts—plaintiff's negligence and proximate cause. Fitzgerald v. Valdez, supra. The evidence justifying the instructions on turn signals and on obstructing the road was evidence of plaintiff's negligence. Whether that asserted negligence was the proximate cause of the accident was also a factual question. Le Doux v. Peters, 82 N.M. 661, 486 P.2d 70 (Ct. App.1971), aff'd 83 N.M. 307, 491 P.2d 524 (1971).

*Refusal to instruct concerning road lighting equipment.*

 Plaintiff requested instructions as to the requirements for and use of road lighting equipment under §§ 64–20–30 and 64–20–31, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2). She claims refusal of these instructions was error because ". . . the defendant could not state whether the lights on her automobile were in compliance with this statute or not. . . ." She claims this lack of knowledge, together with the testimony from Christine Baklini that she did not see plaintiff's car before the collision, justified an instruction on the statutory requirements for road lighting equipment. We pass this question. We also pass the question as to whether the requested instructions covered elements of the statutes for which there was no evidence. See LaBarge v. Stewart, 84 N.M. 222, 501 P.2d 666 (Ct.App.1972).

Plaintiff requested an instruction which stated the claimed acts of negligence on the part of defendants. This instruction, based on N.M. U.J.I. 3.1, is the post to which other instructions are tied. See N. M. U.J.I. 3.1, Directions on Use.

Plaintiff's instruction was given as requested. The instruction stated three theories of negligence—failure to have the car under control, failure to keep a proper lookout and following too closely. A claimed violation of statutory provisions for road lighting equipment is not included in these three theories.

The requested instructions on road lighting equipment would have informed the jury that if defendants violated either § 64–20–30 or § 64–20–31, supra, their conduct amounted to negligence. See N.M. U.J.I. 11.1. Since plaintiff did not claim defendants were negligent on the basis of these statutes, to have given the requested instruction would have been to inject a false theory of negligence into the case. The trial court did not err in refusing to instruct on a theory of negligence which plaintiff had not asserted. See Abeyta v. Atchison, Topeka & Santa Fe Railway Co., 65 N.M. 291, 336 P.2d 1051 (1959).

Affirmed.

It is so ordered.

LOPEZ, J., concurs.

SUTIN, J., concurred in part and dissented in part.

SUTIN, Judge (concurring in part, and dissenting in part).

I. *Appellate Court's Review of Briefs in Arriving at Decision*

In Durrett v. Petritsis, 82 N.M. 1, 3, 474 P.2d 487, 489 (1970), the Supreme Court stated:

We have often said that the presumptions are in favor of verdicts and the facts are to be viewed in the aspect most favorable to the prevailing party. . . .

Appellants in damage suits, angry and frustrated by loss, blindly appeal in search of reversal. Many attorneys who try and appeal cases are incompetent or lack the time to read the law or follow the rules of procedure. Competent attorneys successfully appeal. Clients have a duty to seek counsel who specialize in trial and appellate work. When attorneys fail to follow the standards of the legal profession in this state, they should be subject to claims for malpractice.

I write this, not only to assist lawyers, but to assist the public and this court. Constantly, we are called on to do research work, to make decisions based on our own labor, and cast briefs aside.

Lawyers in appellate practice should read: Notes on Appellate Brief Writing, 51 Oregon L.Rev. 351 (1972); Appleman, The Written Argument on Appeal, 41 Notre Dame Lawyer 40 (1965); Appleman, Tactics in Appellate Briefs, Insurance Law Journal September, 1954, p. 592; Appleman, Winning the Appeal, Personal Injury Annual, 1965, p. 833; Weihofen, Legal Writing Style. Other valuable articles may be found in Index to Legal Periodicals.

Lawyers in appellate practice should read and follow Supreme Court Rules 5 to 22 [§§ 21–2–1(5) to (22), N.M.S.A. 1953 (Repl. Vol. 4)], *each time an appeal is taken.*

Much criticism can be arrowed at appellate opinions, as pointed out from time to time, because appellate judges are products of average legal experience and ability—average lawyers overworked and burdened as judges.

Our desire to seek justice can be encouraged by competent briefs filed in this court. Competent briefs avoid decisions based on technicalities and lead to decisions on the merits.

Should we decide points raised on appeal without reference to the briefs filed? Should error be declared as prejudicial or harmless? It all depends upon what the court believes its concept of justice to be.

This is a rear end automobile collision case. Yet, neither plaintiff nor defendant cited a single New Mexico rear end case. For example, Tafoya v. Whitson, 83 N.M. 23, 487 P.2d 1093 (Ct.App.1971); Goodman v. Venable, 82 N.M. 450, 483 P.2d 505 (Ct.App.1971).

### A. *Summary Judgment*

The majority opinion on summary judgment is correct. However, the conclusion reached, that a showing of proximate cause was also required, was not presented by defendant. It was discovered by this court.

Plaintiff cited no cases in support of her contention. The defendant cited none of interest to this court. Plaintiff presented one paragraph on argument. ". . . To present a point for our consideration, an appellant must submit argument and authorities thereon as required by Rule 15(14)(d), supra. . . . " Petritsis v. Simpier, 82 N.M. 4, 7, 474 P.2d 490, 493 (1970).

This court has no duty to search the record to discover whether defendant's negligence was the proximate cause of the accident, nor to search for authorities to support plaintiff's claim of error. We favor affirming judgments of the trial court.

Time and money were wasted. This criticism is not directed to the attorneys in this case. It applies generally to briefs filed in this court. It covers only one of many errors, omissions and redundancy with which we are confronted.

### B. *Instructions in Civil Cases*
#### (1) *Objection to Instruction Given*

Plaintiff objected to the trial court's instruction on turn signal requirement of § 64–18–24, N.M.S.A. 1953 (2nd Repl. Vol. 9, pt. 2), and the effect of violating the statute pursuant to U.J.I. 11.1. It covers the subject of contributory negligence.

Plaintiff's objection was "there was no evidence . . . that the plaintiff failed

to have a proper turn signal and lighting equipment on her vehicle and in fact, all of the evidence was to the contrary, that such signals and lights were on and operating." This is a sufficient, specific objection. *But the record does not show any ruling by the trial court on this objection.* It does not merit our consideration. City of Albuquerque v. Ackerman, 82 N.M. 360, 482 P.2d 63 (1971). Nevertheless, I analyze the majority opinion because it might help to be a guideline in the future.

The defendant testified she was watching the road, but she didn't see anything. Her eyesight was not questioned. The weather was not questioned. The majority opinion concluded that ". . . [i]f a person is looking and does not see, a reasonable inference follows that the signals were not on. Turner v. McGee, 68 N.M. 191, 360 P.2d 383 (1961). . . ." Under the circumstances of this case, I cannot agree. ". . . The infant inference cannot leap the gap. . . ." Lommori v. Milner Hotels, 63 N.M. 342, 319 P.2d 949 (1957).

*First,* neither plaintiff nor defendant cited Turner v. McGee, supra. Here again, it was discovered by this court.

*Second,* the issue is not whether defendant was negligent in failing to see plaintiff's signal light. The issue is whether defendant's testimony was sufficient to warrant an instruction on statutory violation by plaintiff.

*Third,* Turner v. McGee, supra, was a daytime case. The present case was a nighttime case. Defendant also testified she did not see the lights of the plaintiff's car as well as the turn signal lights, but she did see the lights on the street. Therefore, an inference can be drawn that plaintiff's car had no lights on. On direct examination, defendant was not questioned whether her lights were on. On cross-examination, she testified her lights were on.

During darkness, defendant must have her lights on. Section 64–20–2, N.M.S.A. 1953 (2nd Repl. Vol. 9, pt. 2). She must use a distribution of light directly high enough and of sufficient intensity to reveal vehicles at a safe distance in advance of her. When she is within 200 feet of the vehicle ahead of her, she must not allow the glaring rays of her car lights to project through the rear window of the overtaken car. Section 64–20–31, N.M.S.A. 1953 (2nd Repl. Vol. 9, pt. 2).

The trial court also instructed the jury, U.J.I. 9.3:

> *The duty to keep a proper lookout requires more than merely looking. It also requires a person to actually see what is in plain sight* or obviously apparent to one under like or similar circumstances in the exercise of ordinary care. [Emphasis added]

The defendant had her lights on, the street lights were on, and yet she saw nothing. Before her testimony can be accepted as a fact, and reasonable inferences can be drawn therefrom, that plaintiff's vehicle was totally dark and could not be seen, she must explain her inability to see anything. Ortega v. Koury, 55 N.M. 142, 227 P.2d 941 (1951); see, Frei v. Brownlee, 56 N.M. 677, 248 P.2d 671 (1952); Martinez v. City of Albuquerque, 84 N.M. 189, 500 P.2d 1312 (Ct.App.1972).

Q. What's your explanation for not seeing this car that night?

A. I have no idea.

Does this contradict the positive testimony that plaintiff's rear signal light was operating? Can a reasonable inference follow that the signal was not on? Of course not. "An inference is not a supposition or a conjecture, but is a logical deduction from facts proved . . . and guess work is not a substitute therefor." Stambaugh v. Hayes, 44 N.M. 443, 451, 103 P.2d 640, 645 (1940). ". . . The courts generally hold that such doubtful inferences are not sufficient to contradict positive testimony." Morris v. Cartwright, 57 N.M. 328, 334, 258 P.2d 719, 723 (1953), or justify submission of an issue to a jury. Bolt v. Davis, 70 N.M. 449, 374 P.2d 648 (1962).

With Bailey v. Jeffries-Eaves, Inc., 76 N.M. 278, 286, 414 P.2d 503, 509 (1966), I say, "it seems incredible that she never saw the [plaintiff's car] if she were looking ahead."

But even if she were looking ahead, she may see, but not observe. She may not have conscious knowledge of the object she saw, and, ordinarily, when questioned as to the fact, she will say she did not see the object. Powell v. Gary, 146 Fla. 334, 200 So. 854, 855 (1941).

The trial court erred in giving the U.J.I. instruction on statutory violation. Was this prejudicial error? Jewell v. Seidenberg, 82 N.M. 120, 477 P.2d 296 (1970), or harmless? I don't know because I did not sit with the jury during deliberations. Jennings, What Goes on in Jury Room?, 30 Ins. Counsel J. 279 (1963).

I concur in the majority opinion only because the record fails to show that plaintiff made objection to the instruction in the presence of the court and obtained the court's ruling thereon. This claimed error is not subject to review. City of Albuquerque v. Ackerman, supra.

### (2) *Refusal to Give Instruction*

The plaintiff requested the trial court to instruct the jury on requirements for road lighting equipment and the use of road lighting equipment at night as stated in §§ 64–20–30 and 64–20–31, N.M.S.A.1953 (2nd Repl. Vol. 9, pt. 2), pursuant to U.J.I. 11.1. It was marked "Refused." This instruction will be referred to as "headlights."

In her first instruction, plaintiff claimed three acts of negligence. (1) Defendant did not have her car under control; (2) defendant was not keeping a *proper lookout* to avoid a collision; (3) defendant was *negligent in following plaintiff's vehicle too closely*. There was no reference to defendant's "headlights." Because of this failure, the majority opinion concluded *that plaintiff did not assert a claim of negligence* based on defendant's headlights, and, therefore, plaintiff's requested in-

struction on this theory was properly denied.

This is a matter of first impression in New Mexico.

*First*, "proper lookout," as defined in U. J.I. 9.3, supra, ". . . requires a person to actually see what is in plain sight. . . ." Where a defendant failed to see a person or vehicle prior to the accident with the car's headlights on, it raised an inference that the headlights might not have been adequate. That fact supports the giving of an instruction on statutory requirements as to headlights. A failure to give the instruction is reversible error. Newton v. Thomas, 137 C.A.2d 748, 291 P. 2d 503, 514 (1955); Menard v. Ferguson, 60 Wash.2d 59, 371· P.2d 629 (1962); Geist v. Moore, 58 Idaho 149, 70 P.2d 403 (1937); Peterson v. Union Motor Sales Co., 245 Iowa 1337, 66 N.W.2d 496 (1954); Barry v. Tyler, 171 Va. 381, 199 S.E. 496 (1938); Maini v. Hassler, 38 N.J.Super. 81, 118 A.2d 68 (1955). Plaintiff has cited 17 additional cases in support of this rule.

Inasmuch as the claim of negligence for improper lookout includes a duty to see, the "headlight" instruction was applicable and mandatory. Chapin v. Rogers, 80 N. M. 684, 459 P.2d 846 (Ct.App.1969). Based upon the argument of plaintiff and the citations, supra, the failure to give the instruction was prejudicial and, therefore, reversible error.

*Second*, I disagree with the majority opinion that a statement of negligent claims under U.J.I. 3.1 automatically forbids an instruction on a different and additional claim of negligence.

Plaintiff's requested instruction was U. J.I. 11.1. It was mandatory. If a trial court refuses to give a U.J.I. instruction, it must state its reason in the record pursuant to § 21–1–1(51)(1)(c), N.M.S.A. 1953 (Repl. Vol. 4). Tafoya v. Whitson, supra; Mascarenas v. Gonzales, 83 N.M. 749, 497 P.2d 751 (Ct.App.1972). If the trial court fails to explain why the instruction was not given, and does not follow the clear, mandatory requirements of Rule

51(1)(c), supra, it constitutes reversible error. Clinard v. Southern Pacific Company, 82 N.M. 55, 475 P.2d 321 (1970).

The trial court remained silent on its refusal to give plaintiff's requested instruction on "headlights" pursuant to U.J.I. 11.-1. This constitutes reversible error.

*Third,* plaintiff was entitled to have the jury instructed on *all* correct legal theories of this case which are supported by substantial evidence. LaBarge v. Stewart, 84 N.M. 222, 501 P.2d 666 (Ct.App.1972). "The term 'theory of the case' relates to the basis of liability or grounds of defense. . . ." Higgins v. Fuller, 48 N.M. 218, 225, 148 P.2d 575, 579 (1944). Plaintiff's requested instruction did relate to her claim of liability and was supported by substantial evidence. It was not incomplete, erroneous, repetitious or misleading. LaBarge v. Stewart, supra.

Plaintiff is entitled to a new trial.